991 So.2d 969 (2008)
STATE of Florida, Appellant,
v.
Raymond SCRIBER, Appellee.
No. 4D07-2230.
District Court of Appeal of Florida, Fourth District.
September 17, 2008.
*970 Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state appeals the decision of the trial court to withhold adjudication of guilt for the charge of aggravated fleeing and eluding, pursuant to section 316.1935, Florida Statutes (2007). This court has jurisdiction. See Fla. R.App. P. 9.140(c)(1)(L).
Raymond Scriber made an open plea to the court and presented his motion for a downward departure. Scriber brought $17,306.80 in restitution to the plea conference. Plea negotiations had reached an impasse because the state would not agree to a withhold of adjudication and probation as a sentence. On the aggravated fleeing and eluding charge, the court sentenced Scriber to 12 months of probation and withheld adjudication.[1] The court found mitigating circumstances under section 921.0026, Florida Statutes (2007), that would justify a downward departure, and ruled that this statute authorized a withhold of adjudication, notwithstanding the language of section 316.1935(6), which provides:
Notwithstanding s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of this section.
Section 948.01, Florida Statutes (2007), generally allows a court to place a defendant on probation or community control and permits a court to withhold adjudication of guilt. Section 921.0026, also a general sentencing statute, sets out the mitigating circumstances that would justify a "downward departure from the lowest permissible sentence." § 921.0026(1), Fla. Stat. (2007).
Section 316.1935(6) clearly prohibits a withhold of adjudication for a section 316.1935 violation. Section 316.1935(6) was enacted in 2004, while section 921.0026 was passed in 1998. See Ch. 2004-388, Laws of Fla.; Ch. 1998-204, Laws of Fla. Because it is the later promulgated statute, section 316.1935(6) should prevail "as the last expression of legislative intent" on the subject of sentencing for an aggravated fleeing and eluding charge. McKendry v. State, 641 So.2d 45, 47 (Fla.1994) (involving the conflict between a mandatory sentencing statute for possession of a short-barreled shotgun, section 790.221, Florida Statutes (1989), and the general sentencing statute found at section 948.01, Florida Statutes (1989)). Also, section 316.1935(6) specifically addresses sentencing under section 316.1935. "The more specific statute is considered to be an exception to the general terms of the more comprehensive statute." McKendry, 641 So.2d at 46.
For these reasons, we reverse that portion of the sentence withholding adjudication, and remand to the circuit court for further proceedings.
STONE, GROSS and TAYLOR, JJ., concur.
NOTES
[1] On other charges, the court ran sentences concurrent with the aggravated fleeing and eluding charge.