KHOUZAM, Judge.
 

 Jessie Montgomery appeals his judgment and sentence for lewd or lascivious molestation in violation of section 800.04(5)(b), Florida Statutes (2008). The trial court sentenced Montgomery to twenty-five years in prison, followed by sex offender probation for the remainder of his life.
 
 See
 
 § 775.082(3)(a)(4)(a)(II), Fla. Stat. (2008). Both the orally pronounced sentence and the written sentence provide that Montgomery’s sentence is a minimum mandatory sentence “if required” by statute. We affirm Montgomery’s judgment and sentence but write to clarify that section 775.082(3)(a)(4)(a)(II) does not require a minimum mandatory sentence.
 

 Montgomery was sentenced pursuant to section 775.082(3)(a), which provides:
 

 (3) A person who has been convicted of any other designated felony may be punished as follows:
 

 [[Image here]]
 

 4. a. Except as provided in sub-sub-paragraph b., for a life felony committed on or after September 1, 2005, which is a violation of s. 800.04(5)(b), by:
 

 (I) A term of imprisonment for life; or
 

 (II) A split sentence that is a term of not less than 25 years’ imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of the person’s natural life, as provided in s. 948.012(4).
 

 The State concedes, and we agree, that Montgomery’s sentence is not a minimum mandatory sentence. If the legislature intended to impose a minimum mandatory sentence, the statute would have included specific language to that effect.
 
 See
 
 
 *189
 
 §§ 316.1935(6), Fla. Stat. (2008); 775.087(2) & (3); 784.07(3)(b), Fla. Stat. (2008); 794.0115(7), Fla. Stat. (2008) (providing that a defendant “is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency or conditional medical release under s. 947.149,” prior to serving the minimum sentence).
 
 See also
 
 § 775.082(9)(b) (“A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence.”); § 893.135(3), Fla. Stat. (2008) (“A person sentenced to a mandatory minimum term of imprisonment under this section is not eligible for any form of discretionary early release, except pardon or executive clemency or conditional medical release under s. 947.149, prior to serving the mandatory minimum term of imprisonment.”).
 

 Moreover, if there is any ambiguity in the language of section 775.082(3)(a)(4)(a)(II), we must construe it in favor of the defendant.
 
 See
 
 § 775.021(1). Accordingly, we affirm Montgomery’s judgment and sentence but note that his sentence does not provide for a minimum mandatory term of imprisonment.
 

 Affirmed.
 

 CRENSHAW and MORRIS, JJ., Concur.