GERBER, J.
The issue presented is whether the circuit court erred in -withholding adjudication of guilt and failing to revoke the driver’s license of a defendant who committed aggravated fleeing and eluding. We find that section 316.1935, Florida Statutes (2008), prohibited the court from withholding adjudication of guilt and required the court to revoke the defendant’s driver’s license. Therefore, we reverse.
The state charged the defendant with aggravated fleeing and eluding and open carrying of a weapon. At a hearing, the circuit court offered that if the defendant pled no contest to the charges, the court would withhold adjudication of the defendant’s guilt and would place the defendant on probation for eighteen months. The defendant responded that he wished to accept the offer. The court asked the state if it objected to the agreement. The state responded “yes.” The court then asked the state if the court’s offer was “nonetheless a legal sentence.” The state responded, “No. According to the statute[,] fleeing and alluding [sic] should be an adjudication with a one year [license] revocation.” Despite the state’s objection, the court stated that it was not going to adjudicate the defendant for the following reasons: “[T]his defendant has no prior history of criminal activity, has led a law[-]abiding life for a substantial period of time before the commission of the present offense, and I find [this] to be an offense that was committed in an unsophisticated manner[;] it was an isolated incident for which this defendant has shown remorse.” The court then accepted the defendant’s plea, withheld adjudication, and placed the defendant on probation. The state renewed its objection to the sentence before the hearing concluded.
This appeal followed. The state argues that section 316.1935, Florida Statutes (2008), prohibited the court from withholding adjudication and required the court to revoke the defendant’s driver’s license. We agree with the state. Section 316.1935, entitled “Fleeing or attempting to elude a law enforcement officer; aggravated fleeing or eluding,” provides, in pertinent part:
(5) The court shall revoke, for a period not less than 1 year nor exceeding 5 years, the driver’s license of any operator of a motor vehicle convicted of a violation of subsection (1), subsection (2), subsection (3), or subsection (4).
(6) ... [N]o court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of this section....
§ 316.1935, Fla. Stat. (2008). As we held in State v. Scriber, 991 So.2d 969 (Fla. 4th DCA 2008), “[section 316.1935(6) clearly prohibits a withhold of adjudication for a section 316.1935 violation.” Id. at 970. We further held that section 316.1935 prevailed over the downward departure statute, section 921.0026, Florida Statutes, for two reasons. First, “[b]ecause [section 316.1935] is the later promulgated statute, section 316.1935(6) should prevail as the last expression of legislative intent on the subject of sentencing for an aggravated fleeing and eluding charge.” Id. (internal quotations and citation omitted). Second, because “section 316.1935(6) specifically addresses sentencing under section 316.1935 ... [t]he more specific statute is *101 considered to be an exception to the general terms of the more comprehensive statute [section 921.0026].” Id. (internal quotations and citation omitted).
Thus, the circuit court erred by withholding adjudication under the premise that such a sentence was a permissible downward departure. The court similarly erred in failing to revoke the defendant’s driver’s license for a period not less than one year nor exceeding five years. Consequently, we reverse and remand to the circuit court. Because the transcript makes clear that the circuit court advised the defendant that it would impose a downward departure sentence if the defendant entered a plea, the court on remand must permit the defendant to withdraw his plea. State v. Gosier, 737 So.2d 1121, 1123-24 (Fla. 4th DCA 1999).

Reversed and remanded.

MAY and DAMOORGIAN, JJ., concur.