DAMOORGIAN, J.
Kemar Rochester appeals his judgment and sentence for lewd or lascivious molestation of a child less than twelve years of age, in violation of section 800.04(5)(b), Florida Statutes (2007). Rochester argues that the trial court erred in concluding that it could not downward depart from the mandatory minimum sentence of twenty-five years in prison followed by a term of probation for life for a violation of section 800.04(5)(b). We affirm.
The details of Rochester’s crime are irrelevant to our resolution of the issue in this case. Following Rochester’s conviction, he filed a motion for a downward departure sentence under section *408 921.0026(2)(j), Florida Statutes (2007) [1], on the grounds that the crime was committed in an unsophisticated manner, it was an isolated incident, and he had shown remorse for his crime. At his sentencing hearing, Rochester asserted that the trial court should not impose the statutory mandatory minimum sentence of twenty-five years because such a severe disposition was fundamentally unfair, and the trial court was within its discretion to impose a sentence that it deemed just. The trial court denied Rochester’s motion for a downward departure sentence, concluding that it had no discretion to grant a departure sentence. Pursuant to section 775.082(3)(a)4., Florida Statutes (2007), the trial court then sentenced Rochester to the mandatory minimum prison term of twenty-five years followed by a term of probation for life. This appeal follows.
The issue before us requires the interpretation of a statute. Accordingly, our review is de novo. BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003); see also Wynkoop v. State, 14 So.3d 1166, 1171 (Fla. 4th DCA 2009) (“Whether there is a valid legal ground for a downward departure is a question of law, to be reviewed de novo.”) (citation omitted).
First, we reject without discussion the State’s contention that the issue was not preserved for review and that we have no jurisdiction to review this appeal because the sentence was within the statutory limit. See McCorvey v. State, 872 So.2d 395, 395 (Fla. 1st DCA 2004) (addressing appellant’s claim that the trial court erred when it expressed the belief that it could not consider any factors not enumerated in section 921.0026 for a downward departure sentence); Hines v. State, 817 So.2d 964, 965 (Fla. 2d DCA 2002) (discussing a similar issue as the one raised on this appeal as to whether the trial court misconstrued its authority to consider a downward departure sentence).
Turning to the merits of the issue, Rochester argues that the trial court incorrectly assumed that it could not downward depart from the mandatory minimum of twenty-five years. Rochester was convicted under section 800.04(5)(b), which states, “[a]n offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a life felony, punishable as provided in s. 775.082(3)(a)4.” § 800.04(5)(b), Fla. Stat. (2007). Section 775.082(3)(a)4. provides:
(3) A person who has been convicted of any other designated felony may be punished as follows:
(a)4. For a life felony committed on or after September 1, 2005, which is a violation of s. 800.04(5)(b), by:
a. A term of imprisonment for life; or
b. A split sentence that is a term of not less than 25 years’ imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of the person’s natural life, as provided in s. 948.012(4).
§ 775.082(3)(a)4., Fla. Stat. (emphasis added). Relying upon the language- of the sentencing statute, Rochester claims that the trial court may depart from the minimum terms in the statute because of the use of the word “may” in section 775.082(3). Rochester reasons that the use of the word “may” in this context represents an express legislative intent *409 that a twenty-five year mandatory minimum sentence is permissive and, therefore, a departure sentence under section 921.0026(2)(j) is not prohibited.
Our analysis begins by applying accepted rules of statutory construction. “Legislative intent is the polestar that guides a court’s statutory construction analysis.” Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003). Only if the statute’s actual language “is unclear should the court resort to traditional rules of statutory construction and examine legislative history.” Bryan v. State, 865 So.2d 677, 679 (Fla. 4th DCA 2004). A specific statute “covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms.” Adams v. Culver, 111 So.2d 665, 667 (Fla.1959). “The more specific statute is considered to be an exception to the general terms of the more comprehensive statute.” Floyd v. Bentley, 496 So.2d 862, 864 (Fla. 2d DCA 1986). Next, “when two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent.” McKendry v. State, 641 So.2d 45, 46 (Fla.1994) (citations omitted).
In McKendry, the Florida Supreme Court addressed the 1989 amendment to section 720.221, Florida Statutes (1989), the possession of short-barreled rifle, short-barreled shotgun, or machine gun statute. See id. at 45. The court held that the 1989 amendment replaced the permissive sentencing to mandatory minimum sentencing. Id. at 47. In reaching its holding, the court examined the legislature’s intent behind changing the language in the statute:
Legislative intent is also made clear by the 1989 amendment to section 790.221(2). Prior to 1989, section 790.221(2) read as follows: “[a]ny person convicted of violating this section is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary not to exceed 5 years.” Ch. 69-306, § 10, at 1110, Laws of Fla. The 1989 amendment changed the statute to read “[u]pon conviction thereof he shall be sentenced to a mandatory minimum term of imprisonment of 5 years.” Ch. 89-312, § 1, at 2042, Laws of Fla. The legislature specifically amended the statute to replace the permissive sentencing language limiting the maximum term of imprisonment to five years with mandatory sentencing language limiting the minimum term of imprisonment to five years. We find the 1989 amendment changing the language of section 790.221(2) to be a clear and unambiguous expression of the legislature’s intent.

Id.

In State v. Scriber, 991 So.2d 969 (Fla. 4th DCA 2008), the defendant was charged with aggravated fleeing and eluding. Id. at 970. Although the aggravated fleeing and eluding statute — section 316.1935, Florida Statutes (2007) — stated that “no court may suspend, defer or withhold adjudication of guilt or imposition of sentence” for such a crime, the trial court found mitigating circumstances under section 921.0026 and entered a downward departure withholding adjudication. Id. The State appealed the trial court’s ruling, and this Court reversed. Id. In reaching its holding, this Court reasoned:
Section 316.1935(6) clearly prohibits a withhold of adjudication for a section 316.1935 violation. Section 316.1935(6) was enacted in 2004, while section 921.0026 was passed in 1998. See Ch. 2004-388, Laws of Fla.; Ch. 1998-204, Laws of Fla. Because it is the later promulgated statute, section 316.1935(6) should prevail “as the last expression of legislative intent” on the subject of sen *410 tencing for an aggravated fleeing and eluding charge.
Id. (quoting McKendry, 641 So.2d at 47).
In 2004, the crime for which Rochester was convicted was a first degree felony punishable by up to thirty years in prison.
See § 800.04(5)(b), Fla. Stat. (2004); § 775.082(3)(b), Fla. Stat. (2004). Through its enactment of the Jessica Lunsford Act in 2005, the legislature made the following changes to the 2004 versions of sections 800.04(5)(b) and 775.082(3): (1) a violation of section 800.04(5)0») became a life felony; and (2) section 775.082(3) carried a twenty-five year mandatory minimum sentence. Ch. 2005-28, §§ 4-5, at 7-8, Laws of Fla. Similar to McKendry, the fact that the legislature amended sections 800.04(5)(b) and 775.082(3) in 2005 establishes a clear and unambiguous expression of its intent to impose a twenty-five year mandatory minimum sentence. Moreover, the sentencing statute provides a specific alternative available to the sentencing judge. The Jessica Lunsford Act applies to Rochester because he was charged with committing the crime in May 2008.
In the context of section 775.082(3)(a)4., we read “may” to mean that the trial court has the discretion to impose a mandatory minimum prison sentence of twenty-five years as an alternative to life imprisonment. However, the trial court does not have the discretion to go outside the two alternatives provided in section 775.082(3)(a)4. We reject Rochester’s interpretation that the legislature’s use of the word “may” is a grant of authority to the trial court to impose a sentence outside the confines of section 775.082(3)(a)4. Such a reading would lead to a result contrary to the legislature’s intent. See Sloban v. Fla. Bd. of Pharmacy, 982 So.2d 26, 33 (Fla. 1st DCA 2008) (“Under the plain meaning rule, ‘may’ denotes a permissive term; however, if reading ‘may’ as permissive leads to ... [a result] contrary to legislative intent, courts may look to ... the legislature’s intent to determine whether ‘ma/ should be read as a mandatory term.”) (citations omitted); see also Myles v. State, 602 So.2d 1278, 1281 (Fla.1992) (“[I]t is settled that the word ‘may1 is not always permissive, but may be a word of mandate in an appropriate context.”); Woodland v. Lindsey, 586 So.2d 1255, 1256 (Fla. 4th DCA 1991) (“The word ‘may’ in this context must be construed as an imperative to the court to exercise its authority.”).
We hold that sections 800.04(5)(b) and 775.082(3)(a)4. are controlling because they are the legislature’s last expression of intent and address the specific sentencing for the type of crime committed in this case as opposed to the general mitigating circumstances for sentencing any felony (except a capital felony) contained in section 921.0026.[2] See Scriber, 991 So.2d at 970; McKendry, 641 So.2d at 46-47.
We recognize that our holding is contrary to Montgomery v. State, 36 So.3d 188 (Fla. 2d DCA 2010). In Montgomery, the defendant appealed his judgment and sentence for lewd or lascivious molestation in *411 violation of section, 800.04(5)(b), Florida Statutes (2008). The Second District affirmed his judgment and sentence and clarified that section 775.082(3)(a)(4)(a)(II) — the 2008 version of the same statute Rochester was sentenced under — does not require a mandatory minimum sentence of twenty-five-years, and any ambiguity in the statute should be construed in favor of the defendant.[3] Id. at 188-89. We disagree with Montgomery and hold that the legislature intended to impose a mandatory minimum sentence and the rule of lenity does not apply. Accordingly, we certify conflict to the Florida Supreme Court.

Affirmed; Conflict Certified.

WARNER and POLEN, JJ., concur.

. Section 921.0026(2)(j) provides:
(2) Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to: (j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
§ 921.0026(2)(j), Fla. Stat. (2007).

. Section 921.0026(1) provides that "[a] downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.0024, is prohibited unless there are circumstances or factors that reasonably justify the downward departure.” § 921.0026(1), Fla. Stat. The State argues that by its express terms, section 921.0026(1) is limited to those sentences calculable under the Criminal Punishment Code. See §§ 921.002-.0024, Fla. Stat. Therefore, section 921.0026 would not be available to Rochester because section 775.082(3)(a)4. is not a Criminal Punishment Code sentence due to the fact that section 775.082(3)(a)4. contains its own specific enumerated sentence. Based upon our analysis, we need not reach this argument.

. Under the rule of lenity, "when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.” § 775.021(1), Fla. Stat. (2008).