# Supreme Court of Florida

_____

No. SC12-1932
_____

**KEMAR ROCHESTER**,
Petitioner,

vs.

**STATE OF FLORIDA**,
Respondent.

[June 5, 2014]

PER CURIAM.

This case is before the Court for review of the Fourth District Court of
Appeal's decision in Rochester v. State, 95 So. 3d 407 (Fla. 4th DCA 2012), which
the Fourth District certified is in direct conflict with the decision of the Second
District Court of Appeal in Montgomery v. State, 36 So. 3d 188 (Fla. 2d DCA
2010).[1]  For the reasons explained below, we approve the Fourth District's holding
that section 775.082(3)(a)4., Florida Statutes (2008), imposes a mandatory
minimum sentence of twenty-five years' imprisonment for adults convicted of
lewd or lascivious molestation of a child under the age of twelve.

_____

1.  We have jurisdiction.  See art. V, § 3(b)(4), Fla. Const.

# I. BACKGROUND

Kemar Rochester was convicted of lewd or lascivious molestation of a child under the age of twelve in violation of section 800.04(5)(b), Florida Statutes (2008). Prior to sentencing, Rochester filed a motion seeking a downward departure sentence pursuant to section 921.0026(2)(j), Florida Statutes (2008), which provides for downward departures in sentencing if certain mitigating circumstances are present.[2] The trial court found that it had no discretion to impose a downward departure sentence, even though it was inclined to do so, because section 775.082(3)(a)4. imposed a mandatory minimum sentence of twenty-five years' imprisonment for violations of section 800.04(5)(b). Therefore, the trial court denied Rochester's motion and sentenced him to twenty-five years in prison.

The Fourth District affirmed the trial court, concluding that the legislature intended to impose a mandatory minimum sentence of twenty-five years' imprisonment in section 775.082(3)(a)4. Rochester, 95 So. 3d at 410. In so

---

2. Section 921.0026, Florida Statutes (2008), "applies to any felony offense, except any capital felony, committed on or after October 1, 1998," and its subsection (2) provides as follows: "Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to: . . . . (j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse."

holding, the Fourth District certified conflict with the Second District's decision in

Montgomery, which concluded that the legislature did not intend to impose a

mandatory minimum sentence in this section.  Id. at 411.

## II.  ANALYSIS

Lewd or lascivious molestation of a child under twelve by an adult is "a life

felony, punishable as provided in s. 775.082(3)(a)4."  § 800.04(5)(b), Fla. Stat.

(2008).  Section 775.082(3)(a)4. provides as follows:

> (3)  A person who has been convicted of any other designated felony
> may be punished as follows:
>     (a) . . . .
>     . . . .
>     4.a.  Except as provided in sub-subparagraph b., for a life
> felony committed on or after September 1, 2005, which is a violation
> of s. 800.04(5)(b), by:
>     (I)  A term of imprisonment for life; or
>     (II)  A split sentence that is a term of not less than 25 years'
> imprisonment and not exceeding life imprisonment, followed by
> probation or community control for the remainder of the person's
> natural life, as provided in s. 948.012(4).
>     b.  For a life felony committed on or after July 1, 2008, which is
> a person's second or subsequent violation of s. 800.04(5)(b), by a term
> of imprisonment for life.

The certified conflict issue in this case is whether the twenty-five year

sentence set forth in subsection (3)(a)4.a(II) above is a mandatory minimum

sentence.[3]  This involves an issue of statutory interpretation and is subject to de

---

3.  We do not reach the State's argument that, while imposing a mandatory
minimum sentence of twenty-five years' imprisonment, section 775.082(3)(a)4.

- 3 -

novo review.  See Johnson v. State, 78 So. 3d 1305, 1310 (Fla. 2012) ("Judicial interpretations of statutes are pure questions of law subject to de novo review."). When construing a statute, we have stated that " '[l]egislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning.' " Tasker v. State, 48 So. 3d 798, 804 (Fla. 2010) (quoting Fla. Dep't of Child. & Fam. Servs. v. P.E., 14 So. 3d 228, 234 (Fla. 2009)).

We find that, contrary to Rochester's argument, the use of the term "may" in section 775.082(3) does not give the trial court the broad discretion to impose a downward departure sentence of less than twenty-five years' imprisonment. Rather, when section 775.082(3)(a)4. is read as a whole, it is clear that the phrase "may be punished as follows" in subsection 775.082(3) is simply referring to the trial court's discretion to choose among the two sentencing alternatives listed in section 775.082(3)(a)4.—life imprisonment or a sentence of not less than twenty-five years followed by community control or probation for the rest of the offender's life.  Furthermore, the use of the phrase "of not less than 25 years" establishes that the twenty-five year sentence set forth in this section is a mandatory minimum sentence.  See Stoletz v. State, 875 So. 2d 572, 576 (Fla.

does not preclude the application of gain time.  This issue was not addressed by the Fourth District and is not properly before this Court.

2004) (acknowledging that the phrase "for not less than 5 years" in section 322.28(2)(a)(2), Florida Statutes (1999), established a mandatory minimum period for license revocation). Therefore, while the statute does give the trial court some discretion in which sentence it chooses to impose for violations of section 800.04(5)(b), under the plain meaning of the statutory language the trial court does not have the discretion to impose a sentence below the twenty-five year minimum set forth in section 775.082(3)(a)4.a(II).

### III. CONCLUSION

For the reasons explained above, we approve the decision of the Fourth District in <u>Rochester</u> and disapprove the Second District's decision in <u>Montgomery</u> to the extent that it is inconsistent with this opinion.

It is so ordered.

POLSTON, C.J., and LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., dissenting.

I dissent because the applicable statute does not preclude trial courts from imposing a downward departure sentence. Specifically, unlike a "mandatory minimum" statute that requires the defendant to serve a minimum sentence day-for-day, section 775.082(3)(a)4., Florida Statutes (2008), does not contain any

- 5 -

language indicating that the twenty-five-year sentencing minimum it sets forth is a "mandatory minimum" sentence that must be served day-for-day, or that the application of gain time or other early release schemes is prohibited.

In my view, because there is no requirement that the defendant serve the twenty-five-year minimum sentence provided in section 775.082(3)(a)4. day-for-day, the Fourth District Court of Appeal erred in concluding that the trial court, which considered the twenty-five-year sentence in this case to be "extremely excessive," was precluded from downwardly departing. Accordingly, Rochester— who was initially offered a sentence of seven and a half years by the State—should be resentenced.

At the heart of this case rests a question of statutory construction regarding whether the sentencing minimum provided by section 775.082(3)(a)4. is a "mandatory minimum" sentence that must be served day-for-day. Contrary to the majority's construction of the statute, nothing within section 775.082(3)(a)4. expressly precludes a trial court from imposing a downward departure sentence. In addition, as even the State concedes in this proceeding, nothing within the statute precludes the defendant from receiving gain time, as in other statutes that provide for a "mandatory minimum" sentence that must be served day-for-day, and this Court should at least make that point clear. Absent these express prohibitions against a downward departure sentence and the application of gain time, the trial

court was not prohibited from downwardly departing from the minimum twenty-five-year sentencing option provided in the statute, as the majority erroneously concludes, and the defendant's sentence is subject to gain time and other possible early release schemes.

Although the majority's statutory construction analysis focuses solely on the impact of the word "may" in the statute, the specific question for this Court to resolve is whether the Legislature has expressly precluded trial courts from imposing a downward departure sentence of less than the twenty-five-year sentencing minimum provided in the statute—assuming the statutory requirements for a downward departure sentence are satisfied—and whether the defendant's sentence is subject to gain time. The Fourth District and this Court have determined that the use of the word "may" within the statute is permissive in allowing a trial court the choice of only the sentencing alternatives within section 775.082(3)(a)4. itself, which requires either a sentence of life imprisonment or a sentence of not less than twenty-five years followed by probation or community control for the remainder of the defendant's natural life. See majority op. at 4; Rochester v. State, 95 So. 3d 407, 410 (Fla. 4th DCA 2012). I disagree with this construction that the two sentences provided in the statute are the only sentencing options for a trial court to consider.

To the contrary, as is generally true with sentencing statutes unless otherwise expressly stated, nothing within section 775.082(3)(a)4. precludes a trial court from imposing a downward departure sentence if the statutory criteria of sections 921.0026 and 921.00265, Florida Statutes, concerning the requirements and mitigating circumstances for which a departure is reasonably justified, are met. This is because, although the sentencing minimum mandated by section 775.082(3)(a)4. is twenty-five years, the sentence is not a "mandatory minimum" sentence that must be served day-for-day such as those set forth in, for example, sections 775.082(9)(b) or 893.135(3), Florida Statutes, which contain specific language indicating that the sentence is a "mandatory minimum" or that the defendant is not eligible for any form of early release. See § 775.082(9)(b), Fla. Stat. (2008) ("A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence."); § 893.135(3), Fla. Stat. (2008) ("A person sentenced to a mandatory minimum term of imprisonment under this section is not eligible for any form of discretionary early release, except pardon or executive clemency or conditional medical release under s. 947.149, prior to serving the mandatory minimum term of imprisonment.").

While the majority acknowledges that the certified conflict issue in this case concerns whether the twenty-five-year sentencing minimum set forth in section 775.082(3)(a)4. is a "mandatory minimum," the majority nevertheless fails to address the interrelated issue of whether the sentence is subject to gain time, as the Second District Court of Appeal concluded in the certified conflict case by determining that the statute does not provide for a "mandatory minimum" sentence that must be served day-for-day. See Montgomery v. State, 36 So. 3d 188, 188-89 (Fla. 2d DCA 2010). I disagree with the majority's decision not to reach this issue despite the Fourth District in Rochester certifying conflict with the Second District in Montgomery and the State actually conceding in this case that the defendant's sentence is subject to the application of gain time and other forms of discretionary early release.

Specifically, the State took the position both in its brief and at oral argument that although the minimum term that a trial court is required by statute to impose is, in the State's view, a mandatory sentence of twenty-five years that cannot include a downward departure, the sentence is not a "mandatory minimum" sentence in the sense that it precludes the application of gain time. See Answer Brief of Respondent at 12, Rochester v. State, No. SC12-1932 (Fla. June 3, 2013) ("The plain language in section 775.082(3)(a)4, however, does not preclude the application of gain time."). This Court does not reach that question, stating that it

was not addressed by the Fourth District even though the Fourth District in

Rochester certified conflict with the Second District's decision in Montgomery that

concerned whether a defendant's sentence under section 775.082(3)(a)4. was a

"mandatory minimum" sentence for purposes of gain time.

I would at least reach the issue and explain the differences between a

"mandatory minimum" sentence that must be served day-for-day and a statutory

sentencing minimum that need not, especially since the Second District's opinion,

with which the Fourth District certified conflict, held that the twenty-five-year

minimum sentence provided in section 775.082(3)(a)4. was not a "mandatory

minimum" precluding the application of gain time:

> The State concedes, and we agree, that Montgomery's sentence is not a minimum mandatory sentence. If the legislature intended to impose a minimum mandatory sentence, the statute would have included specific language to that effect. See §§ 316.1935(6), Fla. Stat. (2008); 775.087(2) & (3); 784.07(3)(b), Fla. Stat. (2008); 794.0115(7), Fla. Stat. (2008) (providing that a defendant "is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency or conditional medical release under s. 947.149," prior to serving the minimum sentence). See also § 775.082(9)(b) ("A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence."); § 893.135(3), Fla. Stat. (2008) ("A person sentenced to a mandatory minimum term of imprisonment under this section is not eligible for any form of discretionary early release, except pardon or executive clemency or conditional medical release under s. 947.149, prior to serving the mandatory minimum term of imprisonment.").

Moreover, if there is any ambiguity in the language of section 775.082(3)(a)(4)(a)(II), we must construe it in favor of the defendant. See § 775.021(1). Accordingly, we affirm Montgomery's judgment and sentence but note that his sentence does not provide for a minimum mandatory term of imprisonment.

Montgomery, 36 So. 3d at 188-89. For the same reasons set forth by the Second District, I would hold that section 775.082(3)(a)4. does not provide for a "mandatory minimum" term of imprisonment that precludes the application of gain time. Because the statute does not set forth a "mandatory minimum" sentence that must be served day-for-day, the statute likewise does not preclude the imposition of a downward departure sentence, which the trial court had the discretion to impose in consideration of the facts of the crime pursuant to section 921.0026(2)(j).

Although this Court and the Fourth District did not consider the facts of this crime relevant, the facts do illustrate the excessiveness of the ultimate sentence imposed and help to explain why the trial court would have been justified in considering a downward departure. Before trial, Rochester was offered two plea deals. Initially, the State proposed a reduced charge and offered him ten years in prison followed by five years of probation. However, Rochester did not accept the deal, and after further negotiation, the State made another plea offer for seven and a half years in prison followed by seven and a half years of sex offender probation, which Rochester also declined.

- 11 -

The evidence at trial established that Rochester was visiting the home of JC, the victim, when he asked JC's mother if he could go outside and look at the swimming pool. JC, who was nine years old at the time, was in the backyard when Rochester came outside to look at the swimming pool. JC testified that she was alone with Rochester in the backyard when he asked her "if [she] could keep a secret" and lifted her up, touched her on her clothed genitalia and clothed buttocks, and asked her to not tell anyone.

In a police recorded phone conversation with JC's mother, Rochester admitted that he touched JC's clothed genitalia, but not her buttocks. Further, in a videotaped confession to police, which was played for the jury at trial, Rochester admitted that he touched JC's clothed genitalia. He stated that he touched her for "no more than ten seconds" and admitted that his fingers were moving "a little bit" when he did it, but that he was not aroused by the touching and "wasn't thinking anything" when he touched her. The explanation Rochester gave for his behavior, in his interview with police, was that "the devil got into [his] spirit or something and made [him] do it," and that his spirit had been attacked and he was weak. He also stated that he had low self-esteem because he was overweight and that he had apologized to JC's mom and promised it would not happen again.

Prior to sentencing, Rochester filed a motion for a downward departure sentence, pursuant to section 921.0026(2)(j), which provides that "[m]itigating

circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to . . . [t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026, Fla. Stat. Rochester claimed that he qualified for this downward departure based on the fact that the crime met all three statutory criteria: it was committed in an unsophisticated manner, it was an isolated incident, and he had shown remorse.

Rochester further argued that the trial court should not impose the statutory sentence of twenty-five-years' imprisonment because such a severe disposition for a first-time offense was fundamentally unfair, contending that the trial court had the discretion to impose a sentence of less than twenty-five years if it deemed it to be just. The trial court determined that the twenty-five-year sentence, followed by probation for the remainder of Rochester's life, was required pursuant to section 775.082(3)(a)4., and denied Rochester's motion for a downward departure sentence. However, prior to orally pronouncing the sentence, the trial judge offered the following commentary regarding the mitigating circumstances in this case: "I think that 25 years is extremely excessive on a case like this. If I had any authority whatsoever to go below, I would certainly go below. I don't think I have any discretion in this case."

I disagree that the trial court did not have any discretion to downwardly depart from the minimum twenty-five-year sentence provided in the statute. Unlike other statutes that make a sentencing minimum a "mandatory minimum" that must be served day-for-day, there is no language in section 775.082(3)(a)4. indicating that the twenty-five-year sentencing minimum is a "mandatory minimum" or that the application of gain time or other early release schemes is prohibited. Accordingly, I would quash the Fourth District's decision in Rochester, approve the Second District's decision in Montgomery, and remand this case so that Rochester can be resentenced in a manner that more closely comports with the trial court's conclusion that twenty-five-years' imprisonment "is extremely excessive" in this case.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

    Fourth District – Case No. 4D10-512

    (Broward County)

Carol Stafford Haughwout, Public Defender, and Ian Eric Seldin, Assistant Public Defender, West Palm Beach, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Consiglia Terenzio, Bureau Chief, and Richard Chambers Valuntas, Assistant Attorney General, West Palm Beach, Florida,

    for Respondent