PER CURIAM.
This case is before the Court for review of the Fourth District Court of Appeal’s decision in Rochester v. State, 95 So.3d 407 (Fla. 4th DCA 2012), which the Fourth District certified is in direct conflict with the decision of the Second District Court of Appeal in Montgomery v. State, 36 So.3d 188 (Fla. 2d DCA 2010).[1] For the reasons explained below, we approve the Fourth District’s holding that section 775.082(3)(a)4., Florida Statutes (2008), imposes a mandatory minimum sentence of twenty-five years’ imprisonment for adults convicted of lewd or lascivious molestation of a child under the age of twelve.
I. BACKGROUND
Kemar Rochester was convicted of lewd or lascivious molestation of a child under the age of twelve in violation of section 800.04(5)(b), Florida Statutes (2008). Pri- or to sentencing, Rochester filed a motion seeking a downward departure sentence pursuant to section 921.0026(2)©, Florida Statutes (2008), which provides for downward departures in sentencing if certain *974 mitigating circumstances are present.[2] The trial court found that it had no discretion to impose a downward departure sentence, even though it was inclined to do so, because section 775.082(3)(a)4. imposed a mandatory minimum sentence of twenty-five years’ imprisonment for violations of section 800.04(5)(b). Therefore, the trial court denied Rochester’s motion and sentenced him to twenty-five years in prison.
The Fourth District affirmed the trial court, concluding that the legislature intended to impose a mandatory minimum sentence of twenty-five years’ imprisonment in section 775.082(3)(a)4. Rochester, 95 So.3d at 410. In so holding, the Fourth District certified conflict with the Second District’s decision in Montgomery, which concluded that the legislature did not intend to impose a mandatory minimum sentence in this section. Id. at 411.
II. ANALYSIS
Lewd or lascivious molestation of a child under twelve by an adult is “a life felony, punishable as provided in s. 775.082(3)(a)4.” § 800.04(5)(b), Fla. Stat. (2008). Section 775.082(3)(a)4. provides as follows:
(3) A person who has been convicted of any other designated felony may be punished as follows:
(a) ....
[[Image here]]
4.a. Except as provided in sub-sub-paragraph b., for a life felony committed on or after September 1, 2005, which is a violation of s. 800.04(5)(b), by:
(I) A term of imprisonment for life; or
(II) A split sentence that is a term of not less than 25 years’ imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of the person’s natural life, as provided in s. 948.012(4).
b. For a life felony committed on or after July 1, 2008, which is a person’s second or subsequent violation of s. 800.04(5)(b), by a term of imprisonment for life.
The certified conflict issue in this case is whether the twenty-five year sentence set forth in subsection (3)(a)4.a(II) above is a mandatory minimum sentence.[3] This involves an issue of statutory interpretation and is subject to de novo review. See Johnson v. State, 78 So.3d 1305, 1310 (Fla.2012) (“Judicial interpretations of statutes are pure questions of law subject to de novo review.”). When construing a statute, we have stated that “ ‘[legislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning.’ ” Tasker v. State, 48 So.3d 798, 804 (Fla.2010) (quoting Fla. Dep’t of Child. & Fam. Servs. v. P.E., 14 So.3d 228, 234 (Fla.2009)).
We find that, contrary to Rochester’s argument, the use of the term *975 “may” in section 775.082(3) does not give the trial court the broad discretion to impose a downward departure sentence of less than twenty-five years’ imprisonment. Rather, when section 775.082(3)(a)4. is read as a whole, it is clear that the phrase “may be punished as follows” in subsection 775.082(3) is simply referring to the trial court’s discretion to choose among the two sentencing alternatives listed in section 775.082(3)(a)4. — life imprisonment or a sentence of not less than twenty-five years followed by community control or probation for the rest of the offender’s life. Furthermore, the use of the phrase “of not less than 25 years” establishes that the twenty-five year sentence set forth in this section is a mandatory minimum sentence. See Stoletz v. State, 875 So.2d 572, 576 (Fla.2004) (acknowledging that the phrase “for not less than 5 years” in section 322.28(2)(a)(2), Florida Statutes (1999), established a mandatory minimum period for license revocation). Therefore, while the statute does give the trial court some discretion in which sentence it chooses to impose for violations of section 800.04(5)(b), under the plain meaning of the statutory language the trial court does not have the discretion to impose a sentence below the twenty-five year minimum set forth in section 775.082(3)(a)4.a(II).
III. CONCLUSION
For the reasons explained above, we approve the decision of the Fourth District in Rochester and disapprove the Second District’s decision in Montgomery to the extent that it is inconsistent with this opinion.
It is so ordered.
POLSTON, C.J., and LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., dissents with an opinion.

. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. Section 921.0026, Florida Statutes (2008), "applies to any felony offense, except any capital felony, committed on or after October 1, 1998,” and its subsection (2) provides as follows: "Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include, but are not limited to: .... (j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.”

. We do not reach the State’s argument that, while imposing a mandatory minimum sentence of twenty-five years’ imprisonment, section 775.082(3)(a)4. does not preclude the application of gain time. This issue was not addressed by the Fourth District and is not properly before this Court.