IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTONY DESHAWN MELVIN,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0387

Opinion filed October 8, 2015.

An appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Jr., Judge.

Nancy A. Daniels, Public Defender, and Zachary Lawton, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

MARSTILLER, J.

Under a plea agreement with the State, Appellant Antony Melvin pled nolo contendere to three counts of lewd and lascivious molestation of a child under 12 years of age by an adult. The crime is "a life felony, punishable as provided in s.

775.082(3)(a)4." § 800.04(5)(b), Fla. Stat. (2012). Section 775.082(3)(a)4. provides that a person who commits this crime on or after September 1, 2005, may be punished either with a life sentence or with "[a] split sentence that is a term of not less than 25 years' imprisonment and not exceeding life imprisonment, followed by probation or community control for the remainder of the person's natural life[.]" § 775.082(3)(a)4.a., Fla. Stat. (2012). The negotiated plea agreement called for 25-year sentences with subsequent sex offender probation. In keeping with the statute and the terms of the plea agreement, the trial court sentenced Melvin to concurrent 25-year sentences, "Minimum 25.00 year(s) Maximum 25.00 year(s)," followed by lifetime sex offender probation. Although apparently not reduced to writing, the court announced at the plea and sentencing hearing that the prison terms are to be served "day-for-day," meaning gain-time cannot be applied to shorten the time Melvin spends incarcerated.

On appeal, Melvin argues the trial court erred in concluding that it could not impose a sentence of less than 25 years because section 775.082(3)(a)4. does not create a 25-year mandatory minimum sentence. He further argues the statute does not preclude application of gain-time.

Melvin's first argument is unpreserved for he failed to raise the same issue below. *See Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court

2

and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."). Indeed, Melvin's negotiated plea agreement called for 25-year sentences, and at the hearing, he agreed that if this court were to reverse on his second issue concerning gain time—the only issue he said he would appeal—he would remain subject to the concurrent 25-year sentences. The possibility of a downward departure sentence was not discussed at sentencing. In any event, the Florida Supreme Court has held the phrase "of not less than 25 years" in section 775.082(3)(a)4. "establishes that the twenty-five year sentence . . . is a mandatory minimum sentence," and "the trial court does not have the discretion to impose a sentence below the twenty-five year minimum[.]" *Rochester v. State*, 140 So. 3d 973, 975 (Fla. 2014) ("*Rochester II*").

The question not reached in *Rochester II*, and Melvin's second argument on appeal, is whether the mandatory minimum provision precludes application of gain-time. *See* § 944.275, Fla. Stat. The trial court, in ruling that Melvin must serve the concurrent 25-year mandatory minimum sentences day-for-day, relied on the Fourth District's decision in *Rochester v. State*, 95 So. 3d 407 (Fla. 4th DCA 2012) ("*Rochester I*"). But the district court did not address the gain-time question in that case. The supreme court noted this in *Rochester II* and declined to consider the State's argument that gain-time may apply to the mandatory minimum. *Rochester II*, 140 So. 2d at 974 n.3. *Rochester I* held only that section 775.082(3)(a)4. imposes

a mandatory minimum 25-year sentence on adults convicted of lewd or lascivious molestation of a child under 12. The trial court here evidently interpreted "mandatory minimum" to mean gain-time cannot be applied. *Rochester II*, however, establishes that gain-time applicability is a separate and distinct issue from the mandatory-minimum issue.

Melvin contends that, absent specific statutory language to that effect, gain-time may be applied so as to allow him ultimately to spend less than 25 years in prison. The State agrees. As do we. In *Mastay v. McDonough*, 928 So. 2d 512, 514 (Fla. 1st DCA 2006), we said that "when the legislature intends to prohibit individuals from being eligible for gain-time during the service of a mandatory-minimum term of imprisonment, it uses explicit language to that effect." For example, section 316.1935, which imposes a three-year mandatory minimum prison term for high-speed or aggravated fleeing and eluding of a law enforcement officer, states: "A person convicted and sentenced to a mandatory minimum term of incarceration under paragraph (3)(b) or paragraph (4)(b) is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency or conditional medical release under s. 947.149, prior to serving the mandatory minimum sentence." § 316.1935(6), Fla. Stat. (2012). Similarly, section 775.087(2)(a), Florida Statutes, Florida's 10-20-Life law, imposes specified mandatory minimum sentences for certain felonies committed while

carrying, using or discharging a firearm. It specifically states that a person sentenced to a mandatory minimum sentence under the statute "is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency, or conditional medical release under s. 947.149, prior to serving the minimum sentence." § 775.087(2)(a)3.(b), Fla. Stat. (2012). The same language appears in section 784.07, which establishes an eight-year mandatory minimum sentence for battery on a law enforcement officer or other specified public safety personnel while possessing a semi-automatic firearm: "[T]he defendant is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency, or conditional medical release under s. 947.149, prior to serving the minimum sentence." § 784.07(3), Fla. Stat. (2012). The statute Melvin was sentenced under, section 775.082(3)(a)4., contains no such or similar limiting language. We therefore conclude application of gain-time to Melvin's mandatory minimum sentence has not been prohibited by the Legislature. *See Mastay*.

Accordingly, we STRIKE from the record the "day-for-day" provision orally imposed by the trial court, and AFFIRM Melvin's sentences as modified.


LEWIS and OSTERHAUS, JJ., CONCUR.