DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAN CRESENCIO MATOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-775

[April 12, 2023]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case No. 50-2019-CF-002928-AXXX-MB.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his conviction for human trafficking of a child under the age of eighteen for commercial sexual activity in violation of section 787.06(3)(g), Florida Statutes (2018). He contends that a judgment of acquittal should have been granted as to human trafficking, because the State failed to prove that he knowingly engaged in human trafficking. He argues that his offense amounted to misdemeanor prostitution with the minor victim. The State cross-appeals the appellant's forty-year sentence, contending that the applicable statute requires a life sentence. We affirm appellant's conviction, as appellant's conduct satisfied the elements of human trafficking under the statute. We reverse the sentence, as the statute requires a life sentence.

The victim, a fifteen-year-old girl, lived in a car with Christopher Proby. Proby used the victim's phone to text and set up prostitution dates for the victim. Appellant was one of the individuals with whom Proby set the victim up for a "date."

Forty-nine messages in total were sent between the victim and appellant. Text messages show that appellant contacted whom he believed to be the victim about performing various sex acts on two different days.

On the first day appellant texted, appellant picked her up and drove her to a parking lot. Appellant parked his pickup truck in a deserted area. Appellant then digitally penetrated the victim's vagina and afterwards gave her money. Appellant dropped the victim back off in the general area of Proby's car. The victim gave Proby the money that appellant gave her.

About two weeks later, appellant and the victim had contact again. The appellant's text messages included two photographs of himself, and the victim sent four photos of herself. The phone also showed a four-minute phone call between the victim's phone and appellant's phone.

During an investigation of Proby and after searching the victim's phone, investigators discovered appellant. Appellant was charged with human trafficking of a child under the age of eighteen (count 1), two counts of lewd or lascivious battery on a person twelve years of age or older, but less than sixteen years of age (counts 2 and 3), lewd or lascivious conduct on a person under sixteen years of age (count 4), and unlawful use of two-way communications device (count 5). As to the human trafficking charge, the amended information stated:

> COUNT 1: JUAN CRESENCIO MATOS on one or more occasions, on or between June 29, 2018 and July 13, 2018, in the County of Palm Beach and State of Florida, did knowingly, or in reckless disregard of the facts, engage, or attempt to engage in the human trafficking of [ ], a child under the age of eighteen, or benefited financially by receiving anything of value from participating in a venture that has subjected [ ], a child under the age of eighteen, to human trafficking, for commercial sexual activity, contrary to Florida Statute 787.06(3)(g). (LIFE FEL)

The court granted a judgment of acquittal as to count 2, one of the lewd or lascivious battery counts. Appellant moved for a directed verdict as to the human trafficking charge, contending that the State had failed to prove trafficking and at most appellant was guilty of misdemeanor prostitution. The trial court denied the motions, and appellant was found guilty of all the remaining counts by jury verdict. The court adjudicated appellant guilty on the charges, including sentencing him to forty years in prison on

2

the human trafficking charge over the State's objection that the statute provided a life sentence. Appellant received lesser sentences on the other charges, none of which are the subject of this appeal.

From the conviction and sentence, appellant has taken this appeal of his conviction for human trafficking, and the State has cross-appealed the sentence for that crime.

Appellant contends that the State offered no evidence that he knew or was in reckless disregard of the fact that the victim was being exploited, which the statute does not define. As appellant states in his brief, "Merely engaging in prostitution, without more, should not impute knowledge of human trafficking to Appellant." The State argues that the statute covers the activity in which appellant engaged, and the evidence presented a question for the jury as to whether appellant knowingly or in reckless disregard of the facts engaged in human trafficking with the minor victim. We agree with the State.

**Analysis**
**Human Trafficking Statute**

The human trafficking statute, section 787.06, Florida Statutes (2018), provides:

> (3) Any person who knowingly, or in reckless disregard of the facts, engages in human trafficking, or attempts to engage in human trafficking, or benefits financially by receiving anything of value from participation in a venture that has subjected a person to human trafficking:
>
> . . . .
>
> (g) For commercial sexual activity in which any child younger than 18 years of age . . . is involved commits a life felony, punishable as provided in s. 775.082(3)(a) 6., s. 775.083, or s. 775.084.

§ 787.06(3)(g), Fla. Stat. (2018). Section 787.06 defines human trafficking as "transporting, soliciting, recruiting, harboring, providing, enticing, maintaining, or obtaining another person for the purpose of exploitation of that person." § 787.06(2)(d), Fla. Stat. (2018). "Commercial sexual activity" means "**any violation of Chapter 796** or an attempt to commit any such offense[.]" § 787.06(2)(b), Fla. Stat. (2018) (emphasis supplied).

3

Chapter 796 includes section 796.07, Florida Statutes (2018), which prohibits prostitution and related acts.

"Exploitation" is not defined in the section 787.06.  Where a term is not defined, the courts look to the plain ordinary meaning of the word.  *Debaun v. State*, 213 So. 3d 747, 751 (Fla. 2017).  Merriam Webster's online dictionary defines the verb exploit as "to make use of meanly or unfairly for one's advantage."  *Exploit*, Merriam-Webster, https://www.merriam-webster.com/dictionary/exploit (last visited March 22, 2023); *see also Exploitation*, Cambridge Dictionary Online, https://dictionary.cambridge.org/us/dictionary/english/exploitation (last visited March 22, 2023) (defining exploitation as "the use of something in order to get an advantage from it").  Also, in Florida Statutes, Chapter 39, regarding proceedings "relating to children," the Legislature defined "the sexual exploitation of a child," to include "the act of a child offering to engage in or engaging in prostitution, or the act of allowing, encouraging, or forcing a child to: 1. Solicit for or engage in prostitution; . . . or 3. Participate in the trade of human trafficking as provided in s. 787.06(3)(g)."  *See* § 39.01(77)(g), Fla. Stat. (2018).[1]

Moreover, section 787.06 provides a definition for exploitation, by the examples of human trafficking that are prohibited in section 787.06(3)(a) through subsection (3)(g), which include coerced labor, coerced services, and sexual exploitation.  Soliciting a child for prostitution is included within the meaning of "exploitation" by section 787.06(3)(g).  Thus, we conclude the statute does include prostitution of a child within the definition of human trafficking.  A person who "knowingly or recklessly in disregard of the facts" engages in human trafficking by soliciting a child for commercial sexual activity violates the statute.  Such activity includes any violation of Chapter 796, prohibiting prostitution and related acts.  *See* § 787.06(2)(b), Fla. Stat. (2018).

While appellant maintains that the Legislature could not have intended to include "merely engaging in prostitution" with a child within the ambit of human trafficking, an amendment to Chapter 296 in the 2014 creation of the human trafficking statute shows otherwise.  *See* Laws of Florida, c. 2014-160, §9 (Oct. 1, 2014).  In that Act, the Florida Legislature created section 796.001, Florida Statutes (2018), which provides:

---

[1] The definition is offered in the context of defining "[s]exual abuse of a child" "for purposes of finding a child to be dependent[.]"  § 39.01(77)(g), Fla. Stat. (2018).

It is the intent of the Legislature that **adults who involve minors in any behavior prohibited under this chapter be prosecuted under other laws of this state, such as, but not limited to, s. 787.06,** chapter 794, chapter 800, s. 810.145, chapter 827, and chapter 847. The Legislature finds that prosecution of such adults under this chapter is inappropriate since a minor is unable to consent to such behavior.

*Id.* (emphasis added). Thus, the Legislature specifically directed that prostitution of minors be prosecuted under the human trafficking statutes and not as misdemeanors under Chapter 796.

Appellant admits he engaged in an act of prostitution with the victim, who was a minor. Section 787.06(9) provides that the "defendant's ignorance of the victim's age, the victim's misrepresentation of his or her age, or the defendant's bona fide belief of the victim's age cannot be raised as a defense." § 787.06(9), Fla. Stat. (2018). Consequently, because appellant knowingly engaged in prostitution, the court did not err in denying his motion for directed verdict, and the case was properly submitted to the jury.

As a second issue, appellant contends that he was entitled to be tried by a twelve-person jury under the Sixth and Fourteenth Amendments. We have previously rejected this challenge. *See Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022) (noting that the Supreme Court in *Williams v. Florida*, 399 U.S. 78, 90 (1970) held that six-person juries were constitutionally permissible, and noting that the Court does not overturn earlier authority sub silentio); *Hall v. State*, 355 So. 3d 950 (Fla. 4th DCA 2023); *Ciriello v. State*, 355 So. 3d 951 (Fla. 4th DCA 2023). We reject the argument again.

Finally, appellant contends, and the State concedes, that the trial court imposed $200 in costs without the State requesting or offering proof of this cost which was higher than the statutory maximum of $100. *See* § 938.27(8), Fla. Stat. (2018). The State bore the burden to prove the higher fees, and the court was required to make factual findings to support the higher fees, neither of which were done. Accordingly, the trial court erred in imposing the $200 in costs. *See Jenkins v. State*, 332 So. 3d 1013, 1018 (Fla. 4th DCA 2022). We remand for the trial court to reduce the cost to the statutory minimum of $100, or to reimpose the amount if sufficient findings are made. *See Bartolone v. State*, 327 So. 3d 331, 336 (Fla. 4th DCA 2021).

## Cross-Appeal
## Life Penalty for Violation of Statute

The State cross-appeals the trial court's sentence of forty years in prison for appellant's conviction on human trafficking. The State argues that section 787.06 requires a mandatory life sentence, while appellant contends that the trial court had discretion to impose a lesser sentence.

"The legality of a criminal sentence is reviewed de novo." *Davis v. State*, 218 So. 3d. 890, 891 (Fla. 4th DCA 2017). "Likewise, issues of statutory interpretation are reviewed de novo." *Id.*

Section 787.06(3)(g), with which appellant was charged, states that any person committing that offense "commits a life felony." Appellant and the State agree that appellant was to be sentenced based on section 775.082(3)(a)6., Florida Statutes (2018), which states:

> (3) A person who has been convicted of any other designated felony **may** be punished as follows:
>
>  . . . .
>
> (a) . . .
>
> 6. For a life felony committed on or after October 1, 2014, which is a violation of s. 787.06(3)(g), by a term of imprisonment for life."

*Id.* (emphasis added).

The trial court was persuaded that the statute did not require a mandatory life sentence because of the use of "may" in the beginning section of the statute. But the use of the word "may" in the beginning of the subsection does not provide the trial court with discretion as to what sentence to impose where the Legislature has mandated a specific sentence. *See Myles v. State*, 602 So. 2d 1278, 1281 (Fla.1992) ("[I]t is settled that the word 'may' is not always permissive, but may be a word of mandate in an appropriate context."); *Sloban v. Fla. Bd. of Pharmacy*, 982 So. 2d 26, 33 (Fla. 1st DCA 2008) ("[I]f reading 'may' as permissive leads to an unreasonable result or one contrary to legislative intent, courts may look to the context in which 'may' is used and the legislature's intent to determine whether 'may' should be read as a mandatory term.").

The plain text of section 775.082(3)(a)6. has only one sentencing option for a defendant convicted of human trafficking of a minor for commercial sexual activity under section 787.06(3)(g), an "imprisonment for a term of life." The subsection does not suggest a sentencing range is available to the court to vary the sentence. The Legislature could have authorized punishment "by imprisonment for a term of years not exceeding life imprisonment", as stated in other subsections of section 775.082(3). *See*, *e.g.*, § 775.082(3)4.a., Fla. Stat. (2018) (providing for either "(I) A term of imprisonment for life; or (II) A split sentence that is at term of at least 25 years . . . and not exceeding life imprisonment, . . ."); § 775.082(3)(b), Fla. Stat. (2018) (stating "For a felony of the first degree, by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment"); § 775.082(3)(d), Fla. Stat. (2018) (stating "For a felony of the second degree, by a term of imprisonment not exceeding 15 years"); § 775.082(3)(e), Fla. Stat. (2018) (stating "For a felony of the third degree, by a term of imprisonment not exceeding 5 years"). The Legislature did not. Life is the only sentence provided for the crime of which appellant was convicted.

*Rochester v. State*, 140 So. 3d 973 (Fla. 2014), is similar and applies here to require the trial court to impose the mandatory life term. In *Rochester*, the defendant was convicted of lewd or lascivious molestation of a child under the age of twelve. *Id.* at 973. The trial court decided that it lacked discretion to sentence the defendant for less than a mandatory minimum of twenty-five years pursuant to section 775.082(3)(a)4. for the violation of section 800.04(5)(b). Pursuant to section 775.082(3)(a)4.a., the trial court had two choices—either life imprisonment or a split sentence with not less than twenty-five years in prison followed by probation or community control for the remainder of the defendant's natural life. The supreme court held that the use of "may" meant that the trial court could only choose between the two sentencing alternatives in the statute. *Id.* at 975. Thus, "while the statute does give the trial court some discretion in which sentence it chooses to impose for violations of section 800.04(5)(b), under the plain meaning of the statutory language the trial court does not have the discretion to impose a sentence below the twenty-five year minimum set forth in section 775.082(3)(a) 4.a(II)." *Id.*

With respect to the sentence for human trafficking of a child, the statute provides only one sentence—life imprisonment. The trial court erred by imposing the forty-year sentence, as that was not an alternative allowed by statute. We thus reverse and remand for the trial court to impose a life sentence. While this sentence may appear exceedingly harsh compared to

7

other offenses, such as lewd and lascivious battery of a child, which would be a second-degree felony, *see* section 800.04(4)(b), Florida Statutes (2022), the Legislature has clearly designated the commercial exploitation of a child through human trafficking as a particularly egregious crime which it intends for the State to prosecute to the fullest extent.[2]  *See* § 787.06(1), Fla. Stat. (2018).

## Conclusion

Section 787.07(3)(g), Florida Statutes (2018), penalizes the human trafficking of a child for the purposes of commercial sexual activity.  This includes the act of prostitution of a child.  Appellant engaged in prostitution with the victim, a child, and the jury found him guilty of that crime.  We affirm his conviction.  We reverse his forty-year sentence for human trafficking, as the statute mandates a life sentence.  We also reverse the assessment of costs.  We remand for the court to resentence appellant to a life term.

*Affirmed in part, reversed in part, and remanded with directions.*

GERBER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Similarly, the United States Congress has designated purchasers of sex acts from a child as human traffickers with severe penalties.  *See* Mary Graw Leary, *Dear John, You are a Human Trafficker*, 68 S. C. L. Rev. 413, 418 (2017) ("Congress explicitly recognized what was already in the law: people who purchase others for sex can be considered human traffickers themselves. Consequently, such individuals face significant penalties, and purchasers, whose role has historically been minimized, are recognized as the cause of much of this victimization.") (footnotes omitted) (citing Trafficking Victims Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1487 (2012 & Supp. 2015) (codified as amended at 18 U.S.C. § 1591)).