PER CURIAM.
The State appeals the trial court’s failure to make appellee’s sentence for robbery with a firearm consecutive to the sentences for four other felonies. We reverse and remand for resentencing.
Appellee entered pleas of guilty to five felonies: robbery with a firearm, case number 00-3449; robbery with a weapon and kidnapping, case number 00-3945; robbery, case number 00-3945; and robbery with a deadly weapon, case number 00-4562. Each case arose from separate incidents occurring over the course of two months. During the plea colloquy, the prosecutor, defense counsel and the trial judge agreed that the maximum possible sentence would be three life terms plus 45 years, and that the minimum scoresheet sentence, absent a downward departure, would be 165 months, including a 10 year mandatory minimum for the firearm charge. Appellee agreed to plead guilty based upon this understanding of the range of possible sentences.
At the sentencing hearing three months later, the prosecutor submitted a corree *279 tion to the guidelines seoresheet which showed that the minimum permissible prison sentence was 158.2 months, rather than the 165 months discussed at the plea hearing. He then argued that section 775.087(2)(d), Florida Statutes (2000), required consecutive sentences. He also informed the court that:
And, Judge, if you, for any reason you should choose not to sentence him to the 10 years under that, in case number 3449 and then consecutively pursuant to the statute, I would have to enter an objection in case my supervisors want to appeal something.
The trial court sentenced appellee to 160 months in prison, 10 years of which would be served as a mandatory minimum pursuant to section 775.087(2), on case number 00-3449. He sentenced appellee to 160 months each in case numbers 00-3943, 00-3945, and 00^562, and ordered these terms to be served concurrently to each other and to the sentence in case number 00-3449.
The State does not dispute the trial court’s authority to impose concurrent sentences in case numbers 00-3943, 00-3945 and 00-4562, but contends that section 775.087(2)(d) requires the sentence imposed in case number 00-3449 to be consecutive to the other sentences. We agree. Appellee argues that the issue was not preserved for review. However, the record shows that the State adequately, though inartfully, informed the trial court of the statutory requirement that the sentence for robbery with a firearm must be consecutive to the sentences for the other felonies.
Section 775.087 governs sentencing for crimes in which a weapon is used. Subsection (2)(a)l. provides that anyone convicted of certain enumerated felonies, including robbery, who actually possesses a firearm during the commission of the felony, shall be sentenced to a minimum term of imprisonment of 10 years. Subsection (2)(d) provides:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
(Emphasis added).'
Robbery with a firearm is a qualifying offense under section 775.087(2)(a)l., Florida Statutes (2000). We hold that the trial court erred when it failed to impose the mandatory sentence in case number GO-3449 consecutively to the sentences imposed for the remaining felonies. Therefore, we reverse and remand for resen-tencing in all four cases. Our reversal is without prejudice to appellee to file a motion to withdraw his plea in case number 00-3449.
REVERSED AND REMANDED.
DELL, WARNER and TAYLOR, JJ., concur.