867 So.2d 635 (2004)
STATE of Florida, Appellant,
v.
Anthony D. JORDAN, Appellee.
No. 5D03-1350.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
PETERSON, J.
The State appeals a downward departure sentence imposed upon Anthony D. Jordan who was arrested by a Seminole County Sheriff's deputy as Jordan was exiting a residence carrying a pink piggy bank and walking towards a purple vehicle parked in the driveway. The deputy's suspicion was aroused because an attempted burglary had occurred at the same residence six days earlier.
After pleading guilty to burglary of a dwelling and grand theft, the court imposed a downward departure sentence instead of the lowest possible sentence of 37.65 months incarceration. The court reasoned that the unsophisticated manner *636 in which the crime was committed together with Jordan's expression of remorse warranted the suspension of the two five-year terms of incarceration, and imposed ten years probation instead.
The trial judge's reasoning is deficient in that section 921.0026(2)(j), Florida Statutes (2003), requires three prongs for departure. More specifically, section 921.0026(2)(j) mandates that: (1) the crime was committed in an unsophisticated manner; (2) the defendant has shown remorse; and (3) the crime was an isolated incident. E.g., State v. Thompson, 844 So.2d 814 (Fla. 5th DCA 2003). Jordan's score sheet indicated that his convictions for burglary of a dwelling, a second-degree felony, and grand theft in the instant case, a third-degree felony, were not isolated incidents. Jordan had previously been convicted of ten prior felonies and four misdemeanors.
The State objected to the departure at sentencing by stating that "... the State would object to the court's imposition of the downward departure sentence. The State doesn't feel the prongs have been met by the defense." The court then asked if there was "[a]nything further from the defense?" After hearing no response, the court then proceeded to sentence Jordan. Jordan now complains that the State's objection was not specific enough, but the record does not indicate that either the court or Jordan's counsel failed to understand the grounds for the objection. The reason for making an objection at the trial level is to bring an alleged error to the trial court's attention so that the court can consider the matter. The record does not indicate that there was any doubt in either the court's or the defense counsel's minds about the grounds for the objection in the instant case.
Sentencing courts are not exclusively bound to the departure reasons promulgated in section 921.0026, but we do not believe that the Legislature intended that sentencing courts adopt a new mitigating circumstance by simply eliminating one of the prongs of a statutorily enumerated reason for departure.
We quash the sentence and remand for sentencing within the guidelines.
SENTENCE QUASHED and REMANDED.
PLEUS and ORFINGER, JJ., concur.