884 So.2d 1031 (2004)
The STATE of Florida, Appellant,
v.
Miguel PEREZ-GONZALEZ, Appellee.
No. 3D03-2428.
District Court of Appeal of Florida, Third District.
October 13, 2004.
*1032 Charles J. Crist, Jr., Attorney General, and Barbara A. Zappi, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
LEVY, Judge.
The State appeals from a final judgment of conviction and sentence on the ground that the trial court erroneously sentenced the defendant, Miguel Perez-Gonzalez, to a downward sentence without valid reasons for the departure.
Section 921.0026(1), Florida Statutes, prohibits a downward departure from the lowest permissible sentence as calculated by the guidelines score sheet. § 921.0026(1), Fla. Stat. (2003). Section 921.0026(2)(j), Florida Statutes, permits a downward departure sentence where the defendant can establish that the crime was an isolated incident, that the crime was committed in an unsophisticated manner, and that the defendant showed remorse. § 921.0026(2)(j), Fla. Stat. (2003)(emphasis added); State v. Jordan, 867 So.2d 635 (Fla. 5th DCA 2004); State v. Santomaso, 764 So.2d 735, 737 (Fla. 2d DCA 2000).
In the instant case, the Record arguably supports the court's finding that the defendant showed remorse. However, we are at a loss to comprehend how the court could come to the conclusion that defendant's act was an isolated incident, especially where the court sentenced the defendant as a habitual offender based on his three previous felony convictions.[1]State v. Jordan, 867 So.2d 635, 636 (Fla. 5th DCA 2004) (reversing the trial court's departure sentence, finding that the crime for which defendant was charged was not an isolated incident where the defendant had previously been convicted of several felonies and misdemeanors). Moreover, the Record refutes the finding that the crime was committed in an unsophisticated manner where the Record reflects that the defendant made a "surgical strike" to reach in and take the one item he wanted, the bird;[2] He broke into the victim's property, knew what he wanted, and got it.
*1033 Because the defendant is unable to meet the three prongs, isolated incident, unsophisticated manner, and remorse, for a downward departure sentence, the matter must be reversed. See State v. Brannum, 876 So.2d 724, 725 (Fla. 5th DCA 2004); Jordan, 867 So.2d at 636. Accordingly, we reverse defendant's sentence and remand to the trial court with directions to enter an appropriate sentence within the guidelines or allow the defendant an opportunity to withdraw his plea.
Reversed and remanded.
NOTES
[1] The Record clearly support the court's finding that defendant is a habitual offender.
[2] Apparently, the bird that was stolen was the one specific item sought by defendant in this case. The fact that defendant was arrested, convicted, and sentenced solely for the burglary and theft of the bird, gives new meaning to the adage: "A bird in the hand is worth two in the bush" except that in this case, the bush was worth a three year prison sentence.