940 So.2d 489 (2006)
Thomas FONDURA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-371.
District Court of Appeal of Florida, Third District.
October 18, 2006.
*490 Russell Warren Mace III, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.
Before COPE, C.J., and GERSTEN, and RAMIREZ, JJ.
RAMIREZ, J.
Thomas Fondura appeals his criminal conviction and sentence. We affirm, finding no abuse of discretion or fundamental error because the court reasonably believed that defense counsel and Fondura purposefully delayed the commencement of the trial.
The State charged Fondura by information on October 22, 2004 with robbery with aggravated battery, false imprisonment, burglary of a dwelling with an assault or battery, and grand theft of a motor vehicle. On March 24, 2004, while awaiting trial, Fondura filed a request for a Nelson hearing and moved to discharge his counsel. The court determined that counsel was effective and denied the motion. Fondura then filed a Florida Bar complaint against his attorney. Counsel responded by filing a certification of conflict of interest. The court denied these attempts to appoint new counsel. Fondura then left threatening messages on counsel's answering machine. Counsel subsequently asked the court for a continuance so a more experienced lawyer could help with the trial. The court denied this motion and set a court date.
The trial began two and a half years after Fondura's arrest. At his competency hearing, Fondura was disruptive and uncooperative. The doctor found him competent. Upon announcement of his competency, Fondura pulled out a razorblade and attempted to cut himself. After his removal from the courtroom and transportation back to jail, a second doctor evaluated him and found him competent. Defense counsel again tried to withdraw from the case for fear of his personal safety. The court denied this motion and became upset with counsel for delaying the trial so extensively. Subsequently, defense counsel filed a motion to disqualify the judge based on the comments made when denying his motion to withdraw. The court denied the motion to disqualify as being legally insufficient. Defense counsel renewed all previous motions, but the court denied them again.
At trial, by defense counsel's motion, the court confined Fondura to a wheelchair with handcuffs and leg shackles as a safety *491 precaution. Fondura made it clear he did not want to appear in court and that he would be disruptive if present at trial. The State called a DNA expert to testify as to the identity of Fondura. He was brought to court for identification, but immediately became disruptive and commented to the jurors that he did not ask for nor approve of his attorney. The court thereafter removed Fondura from the courtroom. The State presented its case against Fondura, which included a confession, DNA evidence, and the victim's testimony. The jury returned a guilty verdict and Fondura received a life sentence.
We disagree with Fondura's claim that the court abused its discretion when it denied counsel's motion to withdraw. Counsel attempted to withdraw from the case on the eve of trial, when two and a half years had passed since the time of Fondura's arrest, the victim/witness was 81 years old, and Fondura's actions cumulatively showed a strong desire to avoid the trial. A trial court's main objective is to sustain the orderly administration of justice. See Sanborn v. State, 474 So.2d 309, 314 (Fla. 3d DCA 1985). In Wilson v. State, 753 So.2d 683 (Fla. 3d DCA 2000), this Court stated that "[a]s long as the trial court has a reasonable basis for believing that the attorney-client relation has not deteriorated to a point where counsel can no longer give effective aid in the fair presentation of a defense, the court is justified in denying a motion to withdraw." Id. at 688. The court here determined that counsel was effective. In addition, there was no hint that a change in counsel would actually change Fondura's behavior. See Weems v. State, 645 So.2d 1098, 1099 (Fla. 4th DCA 1994). Had the court permitted counsel to withdraw, this would have further delayed the trial and a change of counsel may have had no effect on Fondura's behavior.
We also find that the court did not abuse its discretion when it denied counsel's motion to disqualify. The motion was legally insufficient. The standard for determining whether a motion is legally sufficient is whether "the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla. 1990). Fondura did not allege that he had any legitimate fear of prejudice or bias, rather his motion seemed another attempt to delay the commencement of the trial. The court denied counsel's motion to withdraw and expressed frustration in its reasoning, stating this is not enough to create a "legitimate fear." After counsel made his additional motion to withdraw, the judge voiced her frustration in counsel "trying to shirk [his] responsibility." The court denied counsel's remaining motions and set the court date. These comments are not sufficiently prejudicial to place a reasonably prudent person in fear of not receiving a fair and impartial trial.
The motion was also procedurally deficient. The initial written motion did not include the requisite certificate of good faith signed by Fondura's counsel pursuant to Florida Rule of Judicial Administration 2.160(c). Counsel also orally presented the second motion to disqualify, and this is legally insufficient and contrary the requirements set forth in Florida Rules of Judicial Administration 2.160(c)(1).
Additionally, the court did not commit fundamental error when it restrained Fondura in a wheelchair. Fondura, through his disruptive behavior, created the bias himself and he therefore should not benefit. The invited-error doctrine states that a party may not make an error at trial and subsequently take advantage of this error on appeal. See Bryan v. Bryan, 930 So.2d 693, 696 (Fla. 3d DCA *492 2006). Fondura was immobilized in a wheelchair because of his disruptive and potentially dangerous behavior. His continued outbursts and antics are the cause of the bias, not his short presence at the court in a wheelchair. As stated by the Florida Supreme Court, "[w]hatever prejudice defendant suffered resulted from his own willful attempt to disrupt, indeed stop, the orderly proceedings of the court." See Jones v. State, 449 So.2d 253, 261 (Fla. 1984).
We likewise find no abuse of discretion when the court appointed only one physician to evaluate Fondura at his competency hearing. Although initially one doctor evaluated Fondura, a second physician later evaluated him and found him competent. The Florida Supreme Court has held that failure to appoint a second expert to examine the defendant's mental competency to stand trial is not fundamental error. See D'Oleo-Valdez v. State, 531 So.2d 1347 (Fla.1988). Upon announcement of his competency, Fondura pulled out a razorblade and attempted to cut himself. A second doctor reevaluated and found him competent. The trial court must consider all evidence relative to competence and its decision will stand absent a showing of abuse of discretion. See Carter v. State, 576 So.2d 1291, 1292 (Fla.1989). The competency hearing is procedural in nature and does not go to the foundation of the case or its merits. Furthermore, there is no constitutional right for two evaluations. See D'Oleo-Valdez, 531 So.2d at 1348.
We thus conclude that Fondura attempted to delay his trial or cause a mistrial, and the court properly denied the motions. The court not only acted well within its discretion, but it demonstrated an abundance of patience in light of Fondura's disruptive, uncooperative, potentially dangerous, and outrageous antics.
Affirmed.