DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**VERNAL MURRAY,**
Appellee.

Nos. 4D13-4384 and 4D13-4385

[April 8, 2015]

Appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case Nos. 12-18582 CF10A and 13-9874 CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellee.

LEVINE, J.

The state appeals a sentencing order in two cases, claiming it is illegal. We find the sentence imposed in both cases is illegal and as such we reverse and remand for resentencing.[1]

The state charged appellee with grand theft and felony petit theft in two separate cases. Appellee entered an open no contest plea in both cases. The criminal punishment scoresheet in both cases reflected that the lowest permissible sentence was 32.1 months in prison.

During the plea hearing, the state told the court that it had offered appellee 42.8 months. Defense counsel requested a sentence of a year and a day. The court told appellee that he faced a maximum of ten years in prison, consisting of five years for each charge. As to the potential sentence, the court stated that it "may do a year and a day" or it "may do

---

[1] Because these appeals were consolidated for briefing and panel purposes, we consolidate them for opinion purposes as well.

18 months or whatever, but it's going to be probably lower than what the State is offering." In response, the state noted that appellee scored 32.1 months at the bottom of the guidelines. The state further advised the court, "We are recommending the middle of 42.8 months, and *we are objecting to the Court going below the bottom.*" (emphasis added). The court responded, "Absolutely." The court ultimately sentenced appellant to concurrent terms of eighteen months in prison and designated him a habitual offender. From this sentence, the state appeals.

The state argues that the trial court erred in entering downward departure sentences, since there was no basis for the departure stated in the record and the trial court failed to timely submit a written basis for departure. Thus, nothing in the record supports any valid basis for the trial court's downward departure. Appellee's only argument on appeal is that the state did not preserve the issue because it did not object when the sentence was imposed and did not specifically state why the downward departure sentence was improper. Appellee does not make any attempt to argue that his sentence is otherwise valid.

In order to preserve an issue for appeal, the issue must be timely raised and ruled on by the trial court and it must be sufficiently precise to apprise the trial court of the relief sought and grounds for the objection. § 924.051(1)(b), Fla. Stat. (2013). *See also Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005); *State v. Clay*, 780 So. 2d 269, 270 (Fla. 5th DCA 2001). However, a general objection will suffice where the basis of the objection is clear from the context or where it is clear that the trial court was aware of the legal errors associated with its ruling and therefore had the opportunity to correct it. *State v. Colbert*, 968 So. 2d 1043, 1045 (Fla. 5th DCA 2007).

In the present case, the state's objection preserved the sentencing issue because the objection was sufficiently contemporaneous and sufficiently specific to apprise the court of the alleged error. Under the circumstances of this case, an additional objection after the court pronounced its sentence was not necessary to preserve the issue. *See State v. Jordan*, 867 So. 2d 635 (Fla. 5th DCA 2004). In *Jordan*, during the sentencing hearing, the state told the court that "the State would object to the court's imposition of the downward departure sentence. The State doesn't feel the prongs have been met by the defense." *Id.* at 636. The court then sentenced the defendant to a downward departure sentence instead of the lowest possible sentence. The Fifth District found the objection sufficient to preserve the issue for appeal, because the record did not indicate that the court or defense counsel failed to understand the grounds for the objection.

2

Similarly, in *State v. Barnes*, 753 So. 2d 605 (Fla. 2d DCA 2000), the court reached an agreement with the defendant that he would be sentenced to community control and probation. The state pointed out that the guidelines scoresheet called for a minimum prison sentence of 19.2 months, and objected to the proposed sentence. The trial court accepted the pleas and imposed a sentence of community control and probation. The Second District found the sentencing issue preserved for appeal, rejecting the defendant's argument that the state's objection was not sufficiently specific. *See also State v. Cherry*, 801 So. 2d 278 (Fla. 4th DCA 2001) (finding that prosecutor's statement to court, prior to imposition of sentence, informed court of statutory requirement that sentence was required to be consecutive to other sentences, and preserved for appellate review state's objection to imposition of concurrent sentence).

As this issue is preserved, reversal is required because the downward departure was not authorized. Under the Criminal Punishment Code, appellee was required to be sentenced to a minimum of 32.1 months in prison. Instead, the trial court sentenced appellee to a term of eighteen months in prison, without articulating and justifying any reasons for the downward departure.

"[W]hether there is a valid legal ground [for departure] and adequate factual support for that ground . . . is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling." *Banks v. State*, 732 So. 2d 1065, 1067 (Fla. 1999). A downward departure sentence is prohibited unless there are mitigating circumstances or factors present which reasonably justify a departure. § 921.00265(1), Fla. Stat. (2013). "Departures below the lowest permissible sentence established by the code must be articulated in writing by the trial court judge and made only when circumstances or factors reasonably justify the mitigation of the sentence." § 921.002(1)(f), Fla. Stat. (2013); *see also* § 921.002(3), Fla. Stat. (2013) ("Any sentence imposed below the lowest permissible sentence must be explained in writing by the trial court judge.").

In the present case, appellee never filed a motion for downward departure; rather, he simply requested that the court impose a sentence of a year and a day. In imposing the sentence, the trial court did not state it was departing, did not orally articulate reasons for departing, and did not enter a written order memorializing the reasons for departure. The trial court did not articulate or delineate any of the mitigating factors relevant to a downward departure. "In the absence of either written or oral findings . . . a downward departure sentence is improper." *State v. Hall*,

981 So. 2d 511, 513 (Fla. 2d DCA 2008).  Accordingly, we reverse and remand for resentencing within the guidelines.

*Reversed and remanded with instructions.*

GERBER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**