DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YASMANY NOA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3834

[ June 22, 2016 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey Cohen, Judge; L.T. Case No. 12014282CF10A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant, Yasmany Noa, appeals his convictions for three counts of attempted first degree murder and one count of shooting into an occupied vehicle. He also appeals the imposition of consecutive mandatory minimum sentences under the 10–20–Life statute on the three counts of attempted first degree murder.[1] We affirm, and write only to address the sentencing issue.

The Florida Supreme Court recently held that under the plain language of section 775.087(2)(d), Florida Statutes, "consecutive mandatory minimum sentences are not required, but are permissible, if the sentences arise from a single criminal episode." *Williams v. State*, 186 So. 3d 989, 994 (Fla. 2016). The Florida Supreme Court thus quashed this court's

---

[1] The trial court sentenced appellant to consecutive terms of life in prison with a 20-year mandatory minimum sentence on the three attempted first degree murder counts. The court also sentenced appellant to 15 years in prison on the count of shooting into an occupied vehicle, which ran consecutively to the first three counts.

contrary decision in *Williams v. State*, 125 So. 3d 879 (Fla. 4th DCA 2013), which held that a trial judge was *required* to impose consecutive sentences pursuant to section 775.087(2)(d) when the sentences arise from one criminal episode.

Under the Florida Supreme Court's *Williams* decision, the trial court was not required to impose consecutive mandatory minimum sentences under section 775.087(2)(d). However, we find that any error by the trial court in following this court's subsequently-quashed decision in *Williams* was harmless on this record.

On direct appeal from a sentence, the test for harmless error is whether the same sentence would have been imposed. *See State v. Anderson*, 905 So. 2d 111, 112, 116 (Fla. 2005). Here, based on the trial court's comments at sentencing, we conclude that the same sentences would have been imposed irrespective of this court's decision in *Williams*. Any error was therefore harmless.

*Affirmed.*

TAYLOR and MAY, JJ., and KEYSER, JANIS BRUSTARES, Associate Judge, concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***