IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

 v.                                                                  Case No.  5D15-2968

VALERIE FAWN PLATT,

      Appellee.

_____/

Opinion filed November 4, 2016

Appeal from the Circuit Court
for Osceola County,
A. James Craner, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellant.

James S. Purdy, Public Defender, and
Kevin R. Holtz, Assistant Public Defender,
Daytona Beach, for Appellee.


BERGER, J.

The State appeals the downward departure sentence imposed against Valerie

Platt for the crime of making a false report of a bomb in violation of section 790.163,

Florida Statutes (2015), a second-degree felony.  Specifically, the State argues the trial

court erred when it withheld adjudication of guilt on the offense without a written request

to do so from the State and without competent, substantial evidence to support its decision. We agree and reverse.

Platt was charged with making a false report of a bomb, attempted robbery, and making a false report to law enforcement after her scheme to rob a bank went awry. The record reveals she planned the robbery in advance, initially misleading her family into believing she had received some sort of settlement and that the money would be available on a particular date. In an effort to facilitate her plan, on the day before the money was to become available, Platt had a friend call and pretend to be the bank. The following day, Platt borrowed a car, and she and her sister drove to a local SunTrust Bank. The robbery of the SunTrust was foiled when Platt's sister failed to follow directions and remain in the car.

Platt and her sister then drove to a second bank. This time, her sister stayed in the car as directed. Platt entered the bank with a duffle bag and sat until approached by a bank employee.

After she was seated in a bank officer's office, Platt requested that the door be closed. Platt then told a bank employee that she was having a bad day, and that an older Hispanic man, wearing a black hoodie, held a gun to her head at Wal-Mart and took her four-year-old son. She claimed the man told her to come into the bank to get money, and that he would be watching her. If the man saw any police, he would blow up the bank building where he had previously planted the bomb.

After hearing her story, a second bank employee secured the doors and called 911. When police arrived, Platt provided a false name. She later provided her real name and confessed to the crime, but not before first claiming she went to the bank because

2

her brother dared her to rob it as a prank. She ultimately told the police that "she didn't intentionally rob the bank, but if they had put money in her duffel bag, she would have left with the money."

Platt entered an open plea, as charged, to the court. Although she did not score out to prison, the State sought a three-year sentence in the Department of Corrections. In support of its request, the State emphasized that Platt planned the bank robbery in advance. The State also pointed out that the law enforcement response was extensive, because of the bomb threat, and required sealing the perimeter of an entire Wal-Mart.

The trial court withheld adjudication of guilt and sentenced Platt to concurrent terms of 160 days of community control followed by 4.5 years of probation on the charges of making a false report of a bomb and attempted robbery. She was adjudicated guilty and received a time-served sentence on the misdemeanor false report to law enforcement charge. The State timely appealed.[1]

Pursuant to section 775.08435(1)(b)1.,2., Florida Statutes (2015), in order to withhold adjudication on a second-degree felony where the State has not requested a withhold in writing, a trial court must make written findings that the withholding of adjudication is reasonably justified based on the circumstances or factors set forth in section 921.0026(2), Florida Statutes (2015). See State v. Garza, 118 So. 3d 856, 858 (Fla. 5th DCA 2013). In this case, the trial court provided two reasons for withholding adjudication: (1) the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse, and (2) the defendant

---

[1] The State does not contest the legality of the sentence on the charges of attempted robbery and making a false report to law enforcement.

cooperated with the State to resolve the current offense. [2] See § 921.0026(2)(i), (2)(j), Fla. Stat. (2015).

In order for a trial court to withhold adjudication of guilt over the State's objection for a second-degree felony on the basis that "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse," there must be competent, substantial evidence to support all three elements. § 921.0026(2)(j), Fla. Stat.; State v. Bosompem, 146 So. 3d 98, 100 (Fla. 5th DCA 2014). Here, the State does not dispute that the crimes were isolated and that Platt was remorseful. Rather, it argues that the trial court erred when it found that the offense was committed in an unsophisticated manner.

In assessing sophistication, courts have considered evidence of "several distinctive and deliberate steps . . . ." State v. Fureman, 161 So. 3d 403, 405 (Fla. 5th DCA 2014) (quoting State v. Salgado, 948 So. 2d 12, 18 (Fla. 3d DCA 2006); Staffney v. State, 826 So. 2d 509, 512 (Fla. 4th DCA 2004)). A crime lacks sophistication if the acts constituting the crime are "artless, simple and not refined." Salgado, 948 So. 2d at 17-18 (quoting Staffney, 826 So. 2d at 509) (finding crime was not committed in unsophisticated manner where defendant and co-defendant took several distinctive and deliberate steps in committing the burglary and thefts and their actions demonstrated that they knew what they were doing in committing the burglary and thefts); see also State v. Perez-Gonzalez, 884 So. 2d 1031 (Fla. 3d DCA 2004) (finding burglary was not committed in an unsophisticated manner where defendant, who coveted a particular item, broke into the

---

[2] Initially, the trial court failed to make written findings to justify withholding adjudication. It did so belatedly after Platt filed a Florida Rule of Criminal Procedure 3.800(b) motion advising the trial court of the sentencing error.

4

victim's property and made a "surgical strike," taking only that item); State v. Chestnut, 718 So. 2d 312, 313 (Fla. 5th DCA 1998) (finding manner in which crime was committed was not unsophisticated where the defendant threw an object at the windshield of the vehicle the victim was driving to stop the vehicle in order to assault the victim); State v. Morales, 718 So. 2d 272, 274 (Fla. 5th DCA 1998) (finding sexual battery against the defendant's ex-wife was not committed in an unsophisticated manner, where the defendant gained entry into her residence by deceit).

Based on the undisputed facts in this case, we cannot conclude that the crime was committed in an unsophisticated manner. As the State convincingly argued, Platt concocted a plan to rob a bank over the course of several days. Her plan consisted of several distinctive steps, including a sympathetic tale to explain her actions, a threat to prevent the police from being alerted, and a cover story prepared in the event she was caught.

As for cooperation, courts have found that a downward departure is warranted under section 921.0026(2)(i) if the defendant cooperated with the State to resolve the current offense or any other offense. See State v. Ertel, 886 So. 2d 423, 425 (Fla. 2d DCA 2004) (citing State v. Collins, 482 So. 2d 388, 389 (Fla. 5th DCA 1985); State v. Davis, 537 So. 2d 192 (Fla. 2d DCA 1989)). However, "[a] downward departure is not justified merely because the defendant cooperated after his offense was discovered." State v. Subido, 925 So. 2d 1052, 1059 (Fla. 5th DCA 2006) (citing State v. Munro, 903 So. 2d 381, 382 (Fla. 2d DCA 2005) ("rejecting the downward departure sentence for a defendant who confessed to the police, lacked a prior record, and garnered the victim's mother's support")); see also State v. Bell, 854 So. 2d 686, 691 (Fla. 5th DCA 2003)

(explaining that defendant has the burden to prove that a crime was resolved as result of his/her cooperation); State v. Bleckinger, 746 So. 2d 553, 555, 557 (Fla. 5th DCA 1999) (confessing after arrest and entering a guilty plea is not sufficient to constitute cooperation as a mitigating factor, however, turning one's self in, a full confession and pleading guilty is sufficient to support a downward departure). Furthermore, it is not enough that a defendant enters a guilty plea to all charges. State v. Arvinger, 751 So. 2d 74, 77 (Fla. 5th DCA 1999) (citing Collins, 482 So. 2d at 389).

In this case, there is no evidence to suggest Platt cooperated with the State to resolve the offense. To the contrary, the record reveals that Platt lied to police about her name and lied about what she was attempting to do. Although Platt later confessed, it was only after her crimes had been discovered.

As neither ground articulated by the trial court to justify the withholding of adjudication on the crime of making a false report of a bomb is supported by competent, substantial evidence, we reverse that portion of the judgment withholding adjudication and remand for reconsideration.[3]

REVERSED AND REMANDED.

LAMBERT and EDWARDS, JJ., concur.

---

[3] Although not properly addressed by the State in this appeal, on remand, we direct the trial court to section 790.163(2), Florida Statutes (2015), "False Report About Planting Bomb, Explosive, or Weapon of Mass Destruction; Penalty," which provides: "[n]otwithstanding any other law, adjudication of guilt or imposition of sentence for a violation of this section may not be suspended, deferred, or withheld."