DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**BARRY MICHAEL SCHULTZ,**
Appellee.

No. 4D16-227

[February 14, 2018]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack S. Cox, Judge; L.T. Case No. 2011CF002959AXX.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellee.

BELANGER, ROBERT E., Associate Judge.

Appellant, the State of Florida, appeals the downward departure sentence imposed by the trial court below. Appellee, Barry Michael Schultz, cross appeals his convictions for trafficking in oxycodone. This Court has jurisdiction under Florida Rules of Appellate Procedure 9.140(b)(1)(A) and (c)(1)(N). For the reasons discussed, we affirm the conviction, but we reverse the departure sentence and remand for resentencing.

A jury found Schultz guilty of 55 counts of drug trafficking. Given the number of charges, the defendant scored 2549 sentencing points. The lowest permissible sentence under the criminal punishment code was 1890.75 months in prison, approximately 157.5 years. At sentencing, the State requested concurrent life sentences on each count, with concurrent 25 year mandatory minimum sentences. In contrast, the defense requested that Schultz be concurrently sentenced to the bottom of the guidelines as opposed to the life sentence sought by the State. The defense had no objection to the scoresheet and requested that his

mandatory minimums run concurrently.  The trial court then sentenced Schultz to the 25 year minimum mandatory sentence on each count to run concurrently.  The State objected to the sentences arguing that there was no basis for a departure from the bottom of the guidelines.  Nevertheless, the trial court proceeded with the sentence as imposed.  Thereafter, the State gave notice of appeal.

On appeal, the State argues that, under *State v. Murray*, 161 So. 3d 1287 (Fla. 4th DCA 2015), the trial court erred in *sua sponte* entering a downward departure sentence on Schultz's convictions.  It argues that the trial court failed to articulate any basis for the departures and that no evidence was presented at the sentencing hearing to support a departure.  The State further argues that the trial court failed to articulate *in writing* the basis for the downward departures pursuant to section 921.002(3), Florida Statutes ("Any sentence imposed below the lowest permissible sentence must be explained in writing by the trial court judge.").

"Whether there is a valid legal ground for a downward departure is a question of law, to be reviewed *de novo*."  *Wynkoop v. State,* 14 So. 3d 1166, 1171 (Fla. 4th DCA 2009) (citing *State v. Walker*, 923 So. 2d 1262, 1264 (Fla. 1st DCA 2006)). "A trial court's legal ground for a departure must be valid and supported by competent substantial evidence." *Id.* at 1171-72 (citing *State v. Schillaci*, 767 So. 2d 598, 600 (Fla. 4th DCA 2000)).

*Murray* is exactly on point.  *Murray* held that "[d]epartures below the lowest permissible sentence established by the code must be articulated in writing by the trial court judge and made only when circumstances or factors reasonably justify the mitigation of the sentence." *Id.* at 1289-90 (citing § 921.002(1)(f), Fla. Stat. (2013); § 921.002(3), Fla. Stat. (2013) ("Any sentence imposed below the lowest permissible sentence must be explained in writing by the trial court judge.")).  In *Murray*, this Court concluded that, in the absence of written or oral findings, a downward departure sentence was improper and remanded for resentencing within the guidelines.  *Id.* at 1290.  Based upon the holding in *Murray*, we determine that the trial court here erred in *sua sponte* entering a downward departure sentence on Schultz's convictions without articulating any basis for the departures.  Notably, as in *Murray*, Schultz did not file a motion for downward departure, but merely requested a sentence at the bottom of the guidelines. Thus, no evidence was presented at the sentencing hearing to support a departure.  Further, the trial court failed to articulate in writing the basis for the downward departures pursuant to section 921.002(3), Florida Statutes (2016) ("Any sentence imposed below the lowest permissible sentence must be explained in writing by the trial court judge.").  Therefore, the trial court erred by not

stating it was departing, not orally articulating reasons for doing so, and failing to enter a written order memorializing the reasons for departure. *See Murray*, 161 So. 3d at 1290. As such, we reverse and remand the departure sentence for resentencing within the guidelines.

Schultz's arguments on cross appeal are without merit and require no further discussion.

Accordingly, we affirm Schultz's conviction, but we reverse the departure sentence and remand for resentencing within the guidelines.

*Affirmed in part, reversed in part and remanded with instructions.*

CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***