DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**CASEY HANSEN,**
Appellee.

No. 4D18-261

[May 22, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 15-11625 CF10A.

Ashley B. Moody, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellant.

Kenneth David Padowitz of Kenneth D. Padowitz, P.A., Fort Lauderdale, for appellee.

CONNER, J.

The State of Florida appeals the trial court's final orders withholding adjudication of guilt with respect to defendant, Casey Hansen ("Hansen"). Because the trial court misconstrued case law and did not follow the clear language of the statute defining the crime and punishment for making a false report of a bomb threat, we reverse the judgment and sentence imposed for that crime and remand for the trial court to correct the final orders withholding adjudication of guilt as to the charge of making a false bomb threat.

*Background*

Hansen was charged by information with one count of false report of a bomb threat and one count of misuse of 911 or 911 system. Hansen entered an open plea of no contest to the charges and moved for a downward departure of his sentence, seeking a withhold of adjudication of guilt as to the false report of a bomb charge. As grounds for departure, Hansen relied on section 921.0026(2)(d), Florida Statutes, asserting he

required specialized treatment for a mental disorder unrelated to substance abuse, addiction, or for a physical disability.

Hansen presented testimony in support of the asserted grounds for departure. In opposition, the State argued that section 790.163, Florida Statutes, which criminalizes false reporting of a bomb threat, prohibits withholding adjudication of guilt for the charge as part of a downward departure. The State acknowledged that while the trial court may generally withhold adjudication as to other crimes, in this case, the statute Hansen violated specifically prohibited withholding adjudication of guilt, and instead, contains within it a particular downward departure consideration for a reduced or suspended sentence under certain circumstances which did not apply to the facts of this case.

The trial court discussed *State v. Platt*, 203 So. 3d 194 (Fla. 5th DCA 2016), which addressed a downward departure where the defendant was charged with false report of a bomb threat. *Id.* The trial court interpreted *Platt* to allow the trial court to withhold adjudication of guilt. Relying on *Platt,* the trial court granted Hansen's motion for downward departure over the State's objection, withheld adjudication, and sentenced Hansen to five years of probation. The State gave notice of appeal.

*Appellate Analysis*

Hansen was charged with false reporting of a bomb threat in violation of section 790.163, Florida Statutes (2015). The State maintains, as it did below, that the general statute authorizing downward departure did not permit the trial court to withhold adjudication of guilt where section 790.163(2) expressly prohibits withholding of adjudication, and was more recent and more specific than the downward departure statute.

Section 790.163(1), Florida Statutes (2015) defines the crime of making a false report "concerning the placing or planting of any bomb, dynamite, other deadly explosive, or weapon of mass destruction as defined in s. 790.166[.]" § 790.163(1), Fla. Stat. (2015). Section 790.163(2) provides as follows:

> *Notwithstanding any other law,* **adjudication of guilt** *or imposition of sentence for a violation of this section may not be suspended, deferred, or withheld.* However, the state attorney may move the sentencing court to *reduce or suspend **the sentence*** of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his or her accomplices, accessories, coconspirators, or principals.

2

§ 790.163(2), Fla. Stat. (emphases added).

The State focuses on the phrase "notwithstanding any other law" as reflecting the mandatory nature of the prohibition against withholding adjudication in connection with imposing a sentence for a false report of a bomb. The State maintains that section 790.163(2) represents an exception to the law giving the trial court discretion to withhold adjudication of guilt. *See* Fla. R. Crim P. 3.670 (allowing a judge to withhold an adjudication of guilt if the judge places the defendant on probation where allowed by law); *see also* § 775.08435, Fla. Stat. (2015) (describing the felonies for which adjudication of guilt is prohibited).

We agree with the State. As we have previously said:

> A specific statute "covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms." *Adams v. Culver*, 111 So. 2d 665, 667 (Fla. 1959). "The more specific statute is considered to be an exception to the general terms of the more comprehensive statute." *Floyd v. Bentley*, 496 So. 2d 862, 864 (Fla. 2d DCA 1986). Next, "when two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent." *McKendry v. State*, 641 So. 2d 45, 46 (Fla. 1994) (citations omitted).

*Rochester v. State*, 95 So. 3d 407, 409 (Fla. 4th DCA 2012) (holding that the statutes which "are the legislature's last expression of intent and address the specific sentencing for the type of crime committed in this case" control over "the general mitigating circumstances for sentencing any felony (except a capital felony) contained in section 921.0026."); *see also State v. Warner*, 50 So. 3d 99, 100 (Fla. 4th DCA 2010) (the language of the applicable aggravated fleeing and eluding statute clearly prohibited a withhold of adjudication for the specific statutory violation and because it was the later promulgated statute, such prevailed "as the last expression of legislative intent" regarding sentencing on an aggravated fleeing and eluding charge); *State v. Scriber*, 991 So. 2d 969, 970 (Fla. 4th DCA 2008) (same).

Here, like the cases above, section 790.163(2) addresses specific parameters regarding withholding adjudication of guilt and reduced sentences with regards to the crime of false report of a bomb threat. We disagree with Hansen's argument that the statutory authority to *suspend a sentence* for the crime includes the authority to *withhold adjudication of guilt*. Rule 3.670 makes clear that withholding adjudication of guilt is a

function of rendering a judgment as to the commission of a crime by the defendant. Fla. R. Crim. P. 3.670. The second sentence of section 790.163(2) does not state that *adjudication of guilt* can be withheld if the defendant provides substantial assistance in the identification, arrest, or conviction of any of his or her accomplices, accessories, coconspirators, or principals; instead, it provides for a *reduction or suspension of the sentence*, which pertains to the length of incarceration or supervision. Additionally, although section 790.163 was initially enacted in 1959, as compared to section 921.0026, the downward departure statute, which went into effect in 1998, subsection 2 of section 790.163 was subsequently added in 2002. 2002 Fla. Sess. Law Serv. Ch. 2002-28 § 1. Thus, section 790.163(2) containing the prohibition against withholding adjudication for false report of a bomb threat was enacted *after* section 921.0026, the downward departure statute. Accordingly, as in the cases cited above, section 790.163(2) is both the more recent and more specific statutory provision concerning the trial court's authority to withhold adjudication of guilt when presented with a motion for downward departure by a defendant charged with making a false report of a bomb threat.

Although the trial court considered *Platt*, at the sentencing hearing, *Platt* does not discuss any interpretation of section 793.163(2) because that statutory provision was apparently not argued by the state in that case. Instead, the state's argument in *Platt* was that the trial court erred because (1) it withheld adjudication of guilt for the offense without a written request from the state as required by sections 775.08435(1)(b)1. and 2., Florida Statutes (2015), and (2) there was insufficient competent, substantial evidence to support the grounds asserted for a downward departure. *Id.* at 195. The Fifth District agreed with the state that the grounds for downward departure articulated by the trial court (that the offense was committed in unsophisticated manner and the defendant's cooperation with the state to resolve the offense) were not supported by competent substantial evidence, reversed the portion of the judgment withholding adjudication, and remanded for reconsideration. *Id.* at 197. However, at the end of the opinion, the Fifth District added a footnote which stated:

> Although not properly addressed by the State in this appeal, on remand, we direct the trial court to section 790.163(2), Florida Statutes (2015), "False Report About Planting Bomb, Explosive, or Weapon of Mass Destruction; Penalty," which provides: "[n]otwithstanding any other law, adjudication of guilt or imposition of sentence for a violation of this section may not be suspended, deferred, or withheld."

4

*Id.* at 197, n.3.

The record in this case reflects that, in reviewing *Platt*, the trial court inferred that the Fifth District would not have remanded the sentencing for reconsideration, if a withhold of adjudication were not even a possibility. However, the Fifth District's lack of discussion concerning the merits of section 790.163(2) as precluding a withhold of adjudication does not mean that the statute does not so preclude. Instead, in our view, the Fifth District quoted the portion of section 790.163(2) in its footnote presumably to alert the trial court about the prohibition against withholding of guilt. As mentioned above, one of the arguments raised in *Platt* involved noncompliance with section 775.08435(1)(b)1. and 2., Florida Statutes, which makes withholding adjudication of guilt for second-degree felonies improper where the State has not requested a withhold in writing. In any event, the Fifth District's decision not to discuss the application of section 790.163(2) does not preclude the conclusion that 790.163(2) plainly prohibits the trial court from withholding adjudication in such a case and serves as an exception to the general rule.

Having determined that the trial court erred by withholding adjudication of guilt as a permissible downward departure, we reverse the final orders withholding adjudication of guilt as to the charge of making a false bomb threat and remand for the trial court to enter a corrected final order. Because the corrections are ministerial, a resentencing hearing and Hansen's presence is not required. *Obas v. State*, 238 So. 3d 853 (Fla. 4th DCA 2018) (defendant's presence not required for correction of errors in written judgment); *Mulligan v. State*, 688 So. 2d 984 (Fla. 4th DCA 1997) (defendant's presence not required for entry of written reasons for imposing adult sanctions).

*Reversed and remanded with instructions.*

GROSS and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5