DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARRY MICHAEL SCHULTZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3413

[January 15, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura Johnson, Judge; L.T. Case No. 50-2011-CF-002959-AXXX-MB.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant appeals his resentencing, raising two issues: one, that the trial court erred in denying his counsel's motion to withdraw as counsel, and two, that the trial court failed to consider a departure sentence. We find that the trial court did not abuse its discretion in denying counsel's legally insufficient motion to withdraw filed on the eve of sentencing. We further find that the trial court properly struck appellant's pro se motion for downward departure where appellant was already represented by counsel, and where the trial court further stated that this was not a case in which it would depart.

Previously, appellant was found guilty of fifty-five counts of drug trafficking. Appellant's scoresheet reflected that the lowest permissible sentence was approximately 157.5 years. The state requested concurrent life sentences with a twenty-five-year mandatory minimum. The defense requested concurrent sentences at the bottom of the guidelines. The trial court sua sponte downwardly departed and imposed concurrent twenty-five-year minimum mandatory sentences. Appellant's private counsel filed

a notice of appeal. Subsequently, the trial court allowed private counsel to withdraw and appointed a public defender.

This court affirmed appellant's convictions, but reversed and remanded for resentencing because appellant had not filed a motion for downward departure, no evidence was presented at the sentencing hearing to support a departure, and the trial court failed to articulate in writing the basis for downward departure. *State v. Schultz*, 238 So. 3d 288 (Fla. 4th DCA 2018).

On remand, appellant's former private counsel was copied on an "Agreed Order to Return Prisoner" for resentencing. Private counsel attended a status check hearing that was also attended by the public defender. A stand-in attorney for private counsel attended a second status check hearing. Subsequently, the trial court discharged the public defender and continued the sentencing hearing with the private counsel as attorney of record.

Before resentencing, appellant filed a pro se motion for downward departure. The day before this sentencing hearing, appellant's private counsel moved to withdraw as counsel due to "[i]rreconcilable differences," without providing any further details. At the outset of the sentencing hearing, the court asked counsel whether he wanted to add anything regarding his motion to withdraw. Counsel responded:

> And I'll just also explain, Judge, just to get a little bit more intimate with the details on why. Without getting into too many details, Judge, I contacted—based on some of the discussion with [appellant] and the grounds raised in the motion, his pro se motion, which we've provided, I believe, a courtesy copy to The Court. . . . And other issues we have to at this point withdraw . . . . as counsel for [appellant].

The court denied the motion to withdraw as counsel, commenting that it was filed on the eve of sentencing. The trial court struck appellant's pro se motion for downward departure because appellant was already represented by counsel. The court further stated that "even if it was legally sufficient and even if I could impose a downward departure, which I can't, because there's a mandate from the 4th DCA that I sentence you within the guidelines, this is not a case in which I would downwardly depart."

Only then did counsel move for an ex parte hearing to explain why he needed to withdraw. The trial court denied the request. Counsel stated that he had a conflict with appellant. The trial court reiterated that it was

2

denying the motion to withdraw.

The state requested a life sentence. Defense counsel urged the court to again depart and sentence appellant to twenty-five years. The trial court stated that it had reviewed appellant's trial testimony and that the jury disagreed with appellant. The court then stated:

> So, based upon the clear mandate from the 4th DCA, they remanded the case back with the sentence—the conviction being affirmed, but the departure sentence was reversed and it was remanded for resentencing within the guidelines. So, this isn't a suggestion or an opportunity to present reasons for downward departure, although doctor—I have reviewed [appellant's] motion and it's very well thought out and very reasoned, but this is a mandate that I resentence [appellant] within the guidelines.

The court sentenced appellant to approximately 157.5 years of imprisonment. This appeal follows.

### Motion to Withdraw

Appellant argues that the trial court reversibly erred in denying his attorney's motion to withdraw as attorney of record. The denial of an attorney's motion to withdraw as counsel is reviewed for abuse of discretion. *Weems v. State*, 645 So. 2d 1098, 1099 (Fla. 4th DCA 1994). As the Third District has explained:

> [T]rial courts are given broad discretion to determine whether a motion to withdraw should be granted . . . . The primary responsibility of the court is to facilitate the orderly administration of justice. In making the decision of whether to grant counsel permission to withdraw, the trial court must balance the need for the orderly administration of justice with the fact that an irreconcilable conflict exists between counsel and the accused. In doing so, the court must consider the timing of the motion, the inconvenience to witnesses, the period of time elapsed between the date of the alleged offense and trial, and the possibility that any new counsel will be confronted with the same conflict. As long as the trial court has a reasonable basis for believing that the attorney-client relation has not deteriorated to a point where counsel can no longer give effective aid in the fair presentation of a defense, the court is justified in denying a motion to withdraw. The

3

> decision of a trial court to deny a motion to withdraw will not
> be disturbed absent a clear abuse of discretion.

*Sanborn v. State*, 474 So. 2d 309, 314 (Fla. 3d DCA 1985) (citations omitted); *see also Boudreau v. Carlisle*, 549 So. 2d 1073, 1075 (Fla. 4th DCA 1989) (citing *Sanborn* with approval).

In the instant case, the trial court did not abuse its discretion in denying the motion to withdraw. In *Brooks v. State*, 980 So. 2d 1095 (Fla. 4th DCA 2008), this court affirmed the denial of counsel's motion to withdraw where the motion was filed on the eve of trial. This court explained, "At this point in time, withdrawal would have hindered the ordinary functioning of the court as the trial date was set and there was not ample time for the client to procure new counsel." *Id.* at 1096. *See also Fondura v. State*, 940 So. 2d 489, 491 (Fla. 3d DCA 2006) (finding no abuse of discretion in denying counsel's motion to withdraw filed on the eve of trial); *Garden v. Garden*, 834 So. 2d 190, 191 (Fla. 2d DCA 2002) (reversing because the trial court improperly permitted counsel to withdraw "at the moment of trial"); *Wilson v. State*, 753 So. 2d 683, 688 (Fla. 3d DCA 2000) (affirming denial of counsel's motion to withdraw made in the middle of trial).

In this case, the motion to withdraw was filed on the eve of sentencing, rather than on the eve of trial. Nevertheless, the same rationale applies, as permitting withdrawal at such a late juncture would have hindered the functioning of the court as there would not have been time for appellant to procure new counsel. Appellant neither requested new counsel nor asked to proceed without counsel.

Additionally, the motion to withdraw was legally insufficient as it made only a bare assertion of "irreconcilable differences" without providing any details as to the alleged conflict. A motion to withdraw must "set[] forth the reasons for withdrawal." Fla. R. Jud. Admin. 2.505(f)(1). Without such details, a court is unable to determine whether any of the grounds for withdrawal set forth in Rule 4-1.16(b), Rules Regulating the Florida Bar, are present, or whether the "attorney-client relation" has "deteriorated to a point where counsel can no longer give effective aid in the fair presentation of a defense." *See Sanborn*, 474 So. 2d at 314.

Further, at the outset of the sentencing hearing, the trial court asked counsel if he had anything to add to the motion. Counsel's response did not provide any further details as to any alleged conflict. It was only after the trial court denied the motion to withdraw that counsel sought an ex parte hearing to explain why he needed to withdraw. Although a trial court

4

has the inherent authority to reconsider its rulings, it is not required to exercise that authority. *Hunter v. Dennies Contracting Co.*, 693 So. 2d 615, 616 (Fla. 2d DCA 1997). Thus, the trial court was not required to entertain counsel's request for an ex parte hearing, which was made only after the trial court had afforded counsel an opportunity to set forth additional argument at the outset of the hearing and only after the trial court had denied counsel's motion to withdraw.

Finally, the Florida Supreme Court has stated that "[w]hen the claim is that the trial court failed to conduct an inquiry about a potential conflict which it knew or should have known about, the claimant must show that a conflict of interest affected counsel's performance." *State v. Alexis,* 180 So. 3d 929, 936 (Fla. 2015). Appellant has not shown or even alleged that a conflict of interest affected counsel's performance in the present case.

## Downward Departure

Appellant argues that the trial court erred in striking his pro se motion for downward departure sentencing without providing trial counsel leave to adopt the motion. Appellant further argues that the trial court erred in refusing to hear any reasons for downward departure under the erroneous belief that the appellate court's mandate precluded the trial court from entertaining any reason for departure. The state concedes error here under *Shine v. State,* 273 So. 3d 935 (Fla. 2019).

Ordinarily, a trial court's discretionary decision regarding whether to impose a downward departure is reviewed for abuse of discretion. *Barnhill v. State,* 140 So. 3d 1055, 1060 (Fla. 2d DCA 2014). However, where the issue involves the trial court applying an incorrect standard in determining whether to exercise its discretion, a de novo standard of review applies. *Id.* at 1060-61.

In our prior opinion, we "reverse[d] and remand[ed] the departure sentence for resentencing within the guidelines." *Schultz,* 238 So. 3d at 290. In resentencing appellant, the trial court stated, "[T]his is a mandate that I resentence [appellant] within the guidelines." Contrary to the trial court's statement, "on remand for resentencing a trial court is permitted to impose a downward departure when the trial court finds a valid basis for departure as prescribed under the [Criminal Punishment Code]." *Jackson v. State,* 64 So. 3d 90, 91 (Fla. 2011). The supreme court in *Shine* merely reaffirmed *Jackson* and expressly held that "on remand for resentencing due to the substantive invalidity of a downward departure, the trial court is permitted to impose a downward departure as long as the departure 'comports with the principles and criteria' of the CPC." 273 So.

3d at 937. Although the *Shine* opinion was authored after the resentencing in this case, the resentencing court still did have the benefit of the *Jackson* opinion.

Thus, we disagree with the state's concession of error. Initially, no motion for downward departure was before the trial court. The trial court properly struck appellant's motion for downward departure because it was filed pro se while appellant was represented by counsel. *See Rigueiro v. State*, 23 So. 3d 127, 128 (Fla. 4th DCA 2009) (citation omitted) (stating that "pro se filings are a 'nullity' when filed by a party that is represented by counsel"). Although appellant argues that the trial court should have granted counsel leave to adopt the motion for downward departure, counsel did not request such leave, and nothing in the record indicates counsel's desire to adopt the pro se motion.

Additionally, although the trial court misconstrued the law when it stated that it was required to impose a guidelines sentence based on this court's mandate, any error is harmless. "On direct appeal from a sentence, the test for harmless error is whether the same sentence would have been imposed." *Noa v. State*, 199 So. 3d 1004, 1005 (Fla. 4th DCA 2016). In this case, the trial court acknowledged having reviewed the pro se motion for downward departure and expressly stated that even if it could impose a departure sentence, "this is not a case in which I would downwardly depart." This comment makes clear that even if the trial court knew it had discretion to downwardly depart, it would not have imposed a departure sentence. *See id.* (finding any error arising from the trial court's incorrect belief that consecutive mandatory minimum sentences were required was harmless where, based on trial court's comments at sentencing, the same sentences would have been imposed regardless of whether consecutive sentences were mandatory or discretionary).

In sum, the trial court did not abuse its discretion in denying counsel's motion to withdraw as counsel where the motion was filed on the eve of sentencing and was legally insufficient. Additionally, the trial court properly declined to entertain a departure sentence where appellant's pro se motion for downward departure was a nullity, and the trial court made clear this was not a case in which it would depart. For these reasons, we affirm.[1]

---

[1] Our affirmance is without prejudice to appellant filing a timely rule 3.850 motion for ineffective assistance of counsel. We express no opinion on the merits of any such motion.

*Affirmed.*

MAY, J., and PHILLIPS, CAROL-LISA, Associate Judge, concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***